INKU NAM, ESQ. (Nevada Bar No. 12050)
E: INam@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101
T: 725.286.2801

*Attorneys for Defendant Granbury at Valley Vista Homeowners Association*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSSIRIS LYNCH, Pro Se,<br><br>Plaintiff,<br><br>vs.<br><br>GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION,<br><br>Defendant. | Case No.: 2:25-cv-01959-APG-BNW<br><br>**DEFENDANT GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION'S MOTION TO DISMISS** |

    Defendant Granbury at Valley Vista Homeowners Association, ("Granbury") pursuant to FRCP 12(b)(6) moves to dismiss Plaintiff's Complaint.

    This motion is made and is based on the following Memorandum of Points and Authorities and all pleadings and papers of record in this matter as well as those in the underlying and related Eighth Judicial District Court Case No. A-25-927483-C.

//
//
//
//
//
//
//

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's complaint lacks sufficient allegations to support his claims for (1) Breach of Settlement Agreement, (2) Retaliation under NRS 116.31183, (3) Violation of 42 USC § 3617 (Fair Housing Act), (4) Misuse of HOA Legal Funds & Selective Enforcement, (5) Emotional Distress, (6) Breach of Fiduciary Duty / Attorney Misconduct, and (7) Declaratory Relief.

The allegations are too general in nature and do not describe the events with the particularity and detail that is required by Federal law. Therefore, as detailed within, Plaintiff's claims should be dismissed for failure to state a claim pursuant to FRCP 12(b)(6).

## II. PLAINTIFF'S FAC SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

This Motion to Dismiss is brought pursuant to FRCP 12(b)(6):

> (b) **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (3) insufficient process;
> (4) insufficient service of process;
> ***(5) failure to state a claim upon which relief can be granted***; and
> (6) failure to join a party under Rule 19. (Emphasis Added).

The standards and authority for a motion to dismiss pursuant to FRCP 12(b)(6) are well established. "Dismissal is appropriate under **Rule 12(b)(6)** when a pleader fails to state a claim upon which relief can be granted." *Kaiser v. Wells Fargo Clearing Servs., LLC*, 761 F. Supp. 3d 1336, 1341 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).) However, the Court is not required to assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v.*

*Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Thus, in analyzing a plaintiff's complaint, the Court need not assume the truth of their legal conclusions merely because they are cast in the form of factual allegations. *Ritzer v. Gerovicap Pharm. Corp.*, 162 F.R.D. 642, 645 (D. Nev. 1995) (citing *Western Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th. Cir. 1981)), cert. denied, 454 U.S. (1981).

As a general proposition, there is a strong presumption against dismissing an action for failure to state a claim. *Ileto v. Glock Inc.*, 349 F. 3d 1191, 1200 (9th Cir. 2003). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2006) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Nevertheless, a plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. at 1964-65. The complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citation omitted).

Further, the Court in *Iqbal* indicated that the *Twombly* decision "expounded the pleading standard for 'all civil action[s] . . .'" *Id.* at 1953. Also in *Iqbal*, the Court laid out the methodological approach for assessing the adequacy of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Id*. at 1950.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. And those well pleaded facts must go beyond the "sheer possibility that a defendant has acted unlawfully" or facts that are "merely consistent with" a defendant's liability. *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. And while a court must accept all allegations as true, that tenant "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. And ultimately, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than mere conclusions." *Id*. Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### A. Plaintiff's Complaint Should Be Dismissed As Improperly Plead As Required By FRCP 8 And 10.

A complaint must contain "a short and plain statement of the claim showing that [Lynch] is entitled to relief." FRCP 8(a)(2). "Each allegation must be simple, concise, and direct." FRCP 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FRCP 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*. "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FRCP 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.

Plaintiff's complaint fails to plead in accordance with FRCP 8 and 10. Plaintiff provides a vague and incomplete set of allegations that do not support his various claims. Plaintiff pleads

allegations without identifying which are being asserted between his various claims. Therefore, Plaintiff's complaint should be dismissed for failure to comply with FRCP 8 and 10.

### B. Plaintiff's Claim For Breach of Settlement Agreement Should Be Dismissed For Failing To Allege That There Was A Valid And Enforceable Agreement.

Courts possess inherent authority to enforce settlement agreements in pending cases. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957-58 (9th Cir. 2021). The construction and enforcement of settlement agreements are governed by state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013). Nevada law requires an offer and acceptance, meeting of the minds, and consideration to constitute an enforceable contract. *May v. Anderson*, 121 Nev. 668, 119 P.3d 1254, 1257 (Nev. 2005). Release terms are material to any settlement agreement. *Id.* at 673. A settlement agreement remains unenforceable if the release terms are not agreed upon, even if the settlement amount has already been negotiated. *Id*. at 673-674.

Plaintiff's Complaint fails to allege the elements of an enforceable contract as the bare allegations do not describe any offer and acceptance, meeting of the minds, or consideration. Plaintiff merely alleges that he was to paid $7,500 by Granbury, but this allegation of consideration fails to describe the release terms (i.e., what Plaintiff was releasing and providing in exchange for the consideration). Moreover, Plaintiff's reference to Exhibits A, O, and U (attached to his Complaint) do not further his allegations or cure these deficiencies.

More specifically, Exhibit A is an alleged speech written by Granbury's treasurer Linda Buckingham that Plaintiff offers as written proof of an agreement to pay Plaintiff $7,500. But there is no mention of an agreement to pay Plaintiff, nor is there any mention of the Plaintiff at all. Exhibit U is an email dated July 8, 2025, where Plaintiff demands reimbursement of $7,500 in legal fees. While Plaintiff alleges that this reimbursement amount was authorized by Granbury, there is no mention of an executed settlement agreement or its terms and, notably, Plaintiff fails to attached any executed agreement supporting his claim. And there is no mention of any other settlement terms, such as release provisions. Exhibit O is an email dated July 24,

5

2025, from Linda Buckingham to Plaintiff that he further offers as of an agreement. However, the email merely provides that drafts of settlement terms were being exchanged at that time. There is no indication in that email that any of the terms were finalized or that an actual settlement agreement was entered between Plaintiff and Granbury.

In sum, Plaintiff's complaint fails to allege the essential elements of an enforceable settlement agreement. Therefore, Plaintiff's claim for breach of contract should be dismissed.

### C.  Plaintiff's Claim For Retaliation Under NRS 116.31183 Should Be Dismissed For Failing To Exhaust All Administrative Remedies.

NRS 38.310 provides that a Plaintiff must exhaust all administrative remedies prior to filing an action.

> **1. No civil action based upon a claim relating to:**
>   (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or
>   (b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property,
> **may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provisions of NRS 38.300 to 38.360**, inclusive, and, if the civil action concerns real estate within a planned community subject to the provisions of chapter 116 of NRS or real estate within a condominium hotel subject to the provisions of chapter 116B of NRS, **all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.**
>
> **2. A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1.**

NRS 38.310. (emphasis added)

NRS 116.31181 provides an action for retaliation when "[a]n executive board, a member of an executive board, a community manager or an officer, employee or agent of an association" takes "retaliatory action against a unit's owner because the unit's owner has:

> (a) Complained in good faith about any alleged violation of [NRS Chapter 116] or the governing documents of the association;
> (b) Recommended the selection or replacement of an attorney, community manager or vendor; or
> (c) Requested in good faith to review the books, records or other papers of the association."

NRS 116.31183(1). (emphasis added)

A claim for retaliation pursuant to NRS 116.31183 must first be administratively exhausted before a plaintiff may file an action. *Dezzani v. Kern & Assocs.*, No. 69896, 2016 Nev. App. Unpub. LEXIS 438, *3-4 (Nev. Ct. App. Nov. 16, 2016).

Plaintiff has failed to administratively exhaust his retaliation claim in accordance with NRS 38.310. As a threshold issue, Plaintiff fails to allege that he administratively exhausted this claim, warranting dismissal of the claim on that ground alone. Beyond that, Plaintiff fails to attach any documentation (*e.g.*, an Alternative Dispute Resolution Claim Form with the Nevada Real Estate Division) predicating such a claim, which might ostensibly support this claim. As a result, Plaintiff's Complaint is devoid of any allegations (or exhibits) that demonstrate he has – as required by Nevada law – first administratively exhausted the claims he now asserts before this Court. Accordingly, Plaintiff's claim should be dismissed for his failure to administratively exhaust his retaliation claim pursuant to NRS 38.310.

**D.     Plaintiff's Claim For Violation Of 42 U.S.C. § 3617 (Fair Housing Act) Should Be Dismissed For Lack Of Protected Activity And Lack Of Protected Characteristic.**

Under 42 U.S.C. § 3617, it is unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by [the FHA]." (emphasis added) "As with any retaliation claim, [courts must] apply the familiar burden-shifting analysis established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)." *Scoggins v. Falcon Ct.*, No. 24-00188, 2025 U.S. Dist. LEXIS 59060, at *2 (E.D. Cal. Mar. 27, 2025) (quoting *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001)). To establish a *prima facie* case of retaliation under the FHA, a

7

plaintiff must allege (1) he engaged in protected activity; (2) the defendant(s) subjected him to an adverse action; and (3) "a causal link exists between the protected activity and the adverse action." *Walker*, 272 F.3d at 1128 (citing *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994)). "Protected activity" covers many types of actions but must relate to a plaintiff exercising his rights "granted or protected" by the FHA. *Macon v. Proud Ground Org.*, No. 20-01660, 2021 U.S. Dist. LEXIS 143910, at *17-18 (D. Or. July 30, 2021) (citing 42 U.S.C. § 3617).

A violation of Section 3617 "can involve a situation where no discriminatory housing practice may have occurred at all." *Dogbe v. Lakes at Lemmon Valley, LLC*, No. 24-00283, 2025 U.S. Dist. LEXIS 89450, *17 (D. Nev. May 12, 2025) (citing *Morris v. W. Hayden Ests. First Addition Homeowners Ass'n*, 104 F.4th 1128, 1142.). (citation and quotation marks omitted). For instance "if a landlord rents to a white tenant but then threatens to evict him upon learning that he is married to a black woman, the landlord has plainly violated § 3617, whether he actually evicts the tenant or not." *Id*. (citation and quotation marks omitted). "At its core, the FHA guarantees tenants and homeowners a right to take and enjoy possession of a home free from discrimination based on a protected characteristic[.]" *Id*. at 1143 (citation omitted)

Plaintiff's claim pursuant to 42 U.S.C. § 3617 is vaguely plead but without setting forth any allegations that identify what FHA violation is being asserted. Plaintiff generally makes reference to retaliation and exercising his federal housing rights but these are legal conclusions lacking any factual predicate. For example, if Plaintiff is alleging retaliation under the FHA, then his claim fails to allege the protected activity in which he engaged that resulted in the retaliation. But if no discriminatory housing practice occurred, then Plaintiff's claim fails for the lack of any allegations regarding any protected characteristics. As result, given the lack of any factual allegations supporting this claim, Plaintiff's FHA claim should be dismissed.

//

//

E.  **Plaintiff's Claim For Misuse of HOA Legal Funds & Selective Enforcement Should Be Dismissed For Failing To Exhaust All Administrative Remedies.**

Plaintiff vaguely alleges that Granbury used community funds to target Plaintiff while "shielding other violators." This claim fails for at least two reasons. First, the claim again lacks any factual predicate or specificity. Plaintiff fails to state how or when, or for what, Granbury allegedly targeted him. Plaintiff also fails to identify the other alleged violators who were "shielded" and that actions they took that were not punished. Accordingly, for this reason, Plaintiff's claim should be dismissed. In addition, the claim should be dismissed because the allegations are essentially a complaint on Granbury's application or enforcement of its covenants, conditions or restrictions and/or by laws, rules or regulations, which claims must be administratively exhausted prior to commencing an action in this State. *See* NRS 38.310. But Plaintiff has not exhausted this claim as required by NRS 38.310 and he does not allege as much. Therefore, this claim should be dismissed.

F.  **Plaintiff's Claim For Emotional Distress Should Be Dismissed For Failure To State a Claim**

To establish an IIED claim, a plaintiff must show: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Olivero v. Lowe*, 116 Nev. 395, 995 P.2d 1023, 1025 (Nev. 2000).

Plaintiff cannot establish a prima facie claim for IIED pursuant to his allegations and exhibits. Plaintiff's Complaint does not include any allegations of extreme or outrageous conduct. The only ostensible support for this claim is Exhibit N, which purports to be a letter from Plaintiff's mental health therapist that is apparently being offered by Plaintiff to describe his alleged emotional distress. The letter states that Plaintiff has been "subjected to various forms of harassment and discriminatory targeting from a specific person(s) who resided within his community of residence" resulting in exacerbating Plaintiff's "anxiety and depression-related symptomology." *See* Exhibit N. But the letter does not identify the "person(s)" and therefore it

9

cannot be determined whether this person is, in fact, a Granbury resident – and even if so, it is unclear how the actions of that individual can be imputed to Granbury. Further, if the alleged actions are those retaliatory actions noted above, then Plaintiff's claim fails for failure to administratively exhaust the claim pursuant to NRS 38.310. Accordingly, for all these reasons, Plaintiff's IIED claim should be dismissed.

### G. Plaintiff's Claim For Breach Of Fiduciary Duty / Attorney Misconduct Should Be Dismissed.

To prevail on a breach of fiduciary duty claim, the plaintiff must establish: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) the breach proximately caused the damages." *Klein v. Freedom Strategic Partners, LLC*, 595 F. Supp. 2d 1152, 1162 (D. Nev. 2009).

Plaintiff does not allege a *prima facie* case for breach of fiduciary duty. Plaintiff's allegations are vaguely plead and do not identify any fiduciary duty, or how and when they were breached. Further, Plaintiff's allegations contain references to RPC 1.13 and NRS 116.3103 and allege that Granbury's counsel acted as agents of former board members rather than advising Granbury without identifying the counsel or alleging their fiduciary duty that is owed to Plaintiff. If Plaintiff's vague allegations mean to dispute Granbury's actions in retaining such counsel, an act that would be required in enforcing the community rules, then Plaintiff's claim should be dismissed for failure to administratively exhaust pursuant to NRS 38.310.

### H. Plaintiff's Claim For Declaratory Relief Is Not A Proper Cause Of Action And Should Be Dismissed.

Declaratory relief is a remedy, not a cause of action. *See, e.g., Rodriguez v. Hayes*, 591 F.3d 1105, 1120 (9th Cir. 2010) (describing "declaratory relief" as "distinct in purpose from and 'milder' in remedy than injunctions"). "Declaratory relief is appropriate when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to

the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986). Therefore, Plaintiff cannot plead a claim for declaratory relief as it not a cognizable claim for relief.

### III.   CONCLUSION

For the reasons stated within, Granbury request that the Court dismiss Plaintiff's claims for (1) Breach of Settlement Agreement, (2) Retaliation under NRS 116.31183, (3) Violation of 42 USC § 3617 (Fair Housing Act), (4) Misuse of HOA Legal Funds & Selective Enforcement, (5) Emotional Distress, (6) Breach of Fiduciary Duty / Attorney Misconduct, and (7) Declaratory Relief.

Dated the 20th day of October, 2025

**O'HAGAN MEYER PLLC**

By   */s/ Inku Nam*
INKU NAM, ESQ.
Nevada Bar No. 12050
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101

*Attorneys for Defendant Granbury at Valley Vista Homeowners Association*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b) and NEFCR 9, I certify that I am an employee of O'HAGAN MEYER PLLC, and that on this 20th day of October, 2025, I electronically filed and served the foregoing **DEFENDANTS MOTION TO DISMISS** through the Eighth Judicial District Court's electronic filing and service system as follows:

Ossiris Lynch
9260 S. Rainbow Blvd, Ste 100
Las Vegas, NV 89139
Ossirislynch1@gmail.com

*Plaintiff Pro Se*

By:            */s/ Krystle Platero*
               An Employee of
               O'HAGAN MEYER PLLC