UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

OSSIRIS LYNCH, Pro Se,
Plaintiff,

v.



GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION,
Defendant.

Case No. 2:25-cv-01959

NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT

TO: Defendant Granbury at Valley Vista Homeowners Association, and its attorney of record, Inku Nam, Esq., O'Hagan Meyer PLLC:

PLEASE TAKE NOTICE that Plaintiff, Ossiris Lynch, appearing pro se, respectfully moves this Court for an order remanding this case to the Eighth Judicial District Court for Clark County, Nevada, under 28 U.S.C. § 1447(c).

This motion is made on the grounds that the federal court lacks subject matter jurisdiction because the claims arise solely under Nevada law, and any reference to a federal statute in Plaintiff's complaint has been withdrawn.

The motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action, and any other evidence or argument the Court may consider.

A hearing is requested if the Court determines that oral argument would assist in resolving this matter.

Dated: October 20, 2025

Respectfully submitted,

Ossiris Lynch
Pro Se Plaintiff
Email: ossirislynch1@gmail.com
Phone: (702) 972-7099

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

OSSIRIS LYNCH, Pro Se,
Plaintiff,

v.

GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION,
Defendant.

Case No. 2:25-cv-01959

PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

Plaintiff, Ossiris Lynch ("Plaintiff"), appearing pro se, respectfully asks this Court to send this case back to the
Eighth Judicial District Court for Clark County, Nevada, under 28 U.S.C. § 1447(c).

## I. INTRODUCTION

Defendant Granbury at Valley Vista Homeowners Association removed this case from state court by claiming there was a federal question because my complaint mentioned the Fair Housing Act ("FHA"), 42 U.S.C. § 3617.
My case, however, is based mainly on violations of Nevada law — specifically Nevada Revised Statutes Chapter 116, which governs homeowners associations. The reference to the FHA was never meant to create a federal claim. It was used only to describe the type of retaliation and unequal treatment that also violates Nevada law. Because this is a local HOA matter, it should remain in state court.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a case from state court only if the federal court would have original jurisdiction. The defendant has the burden to show that removal is proper.
Removal laws are read narrowly, and any doubt should be resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## III. ARGUMENT

### A. My claims arise under Nevada law.

This case involves how the HOA was run, how its board members acted, and how rules were enforced unfairly. Those issues are governed by Nevada law, including NRS 116.4117 and NRS 116.31183, which allow a homeowner to sue for violations of Chapter 116, the bylaws, or HOA rules. These are state-created rights that belong in Nevada courts.

### B. The FHA reference was context, not a federal claim.

While the complaint mentioned 42 U.S.C. § 3617, it was not pled as a separate federal cause of action. It was included only to describe the kind of retaliatory behavior that Nevada law also forbids. Plaintiff seeks relief solely under Nevada statutes and common law.

Federal jurisdiction cannot be created by a passing reference to a federal statute when the complaint as a whole pleads state-law claims and seeks state-law remedies. See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986). The Supreme Court held there that:

"A violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private federal cause of action for the violation, does not state a claim 'arising under' federal law." (Id. at 817.)

Similarly, my mention of 42 U.S.C. § 3617 was descriptive, not jurisdictional. Congress provided administrative remedies for Fair Housing Act violations but no private right to sue in this context. My causes of action arise under Nevada law, including NRS 116.31183 and other state principles of fiduciary duty, breach of settlement, and abuse of process.

As explained in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), a case "arises under" federal law only if a federal issue is necessarily raised, actually disputed, and substantial — none of which apply here.

### C. Lack of Diversity Jurisdiction.

Even if Defendant argues diversity under 28 U.S.C. § 1332, such grounds do not exist. Both parties are citizens of Nevada. Plaintiff is a Nevada resident, and Defendant is a Nevada non-profit corporation registered with the Nevada Secretary of State and operating in Clark County. There is no diversity of citizenship.

The amount in controversy also does not exceed $75,000. The main dispute involved a $7,500 settlement agreement and related state law damages well below the federal threshold. Accordingly, jurisdiction under § 1332 is lacking.

### D. State court is the proper forum.

This case concerns HOA operations, community rule enforcement, and board

conduct within a Nevada subdivision — issues regularly handled by the Eighth Judicial District Court in Clark County. Keeping it in federal court would unnecessarily complicate a local Nevada matter.

## IV. CLARIFICATION AND WITHDRAWAL OF FEDERAL REFERENCE

To avoid any doubt, Plaintiff formally withdraws any language in the state complaint that could be interpreted as a federal claim or request for federal relief. The mention of 42 U.S.C. § 3617 was never intended to invoke federal jurisdiction and is withdrawn in its entirety. All remaining claims arise under Nevada law. Once the federal reference is withdrawn, no federal question remains, and remand is required under 28 U.S.C. § 1447(c).

## V. CONCLUSION

This case belongs in Nevada state court. It involves Nevada homeowners, Nevada property, and Nevada laws. Any federal reference was incidental and has been withdrawn. Because there is no basis for federal jurisdiction, Plaintiff asks that this Court remand the case to the Eighth Judicial District Court for Clark County, Nevada, and award reasonable costs and expenses incurred as a result of the removal.

Dated: October 20, 2025

Respectfully submitted,

Ossiris Lynch
Pro Se Plaintiff
Email: ossirislynch1@gmail.com
Phone: (702) 972-7099

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2025, I mailed or otherwise served a true and correct copy of the foregoing **Plaintiff's Motion to Remand Case to State Court** to the following:

Inku Nam, Esq.
O'Hagan Meyer PLLC
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101
Email: INam@ohaganmeyer.com

Attorney for Defendant
Granbury at Valley Vista Homeowners Association

Dated: October 20, 2025

Ossiris Lynch
Pro Se Plaintiff
Email: ossirislynch1@gmail.com
Phone: (702) 972-7099

**EXHIBIT LIST**

**Exhibit A – Original State Court Complaint**

Electronically Filed
09/24/2025

*Stewart D. Harmon*
CLERK OF THE COURT

**AOS**

1

*Ossiris D. Lynch*
(Your Name)

2

*4433 Cityscape glen ct.*
(Your Mailing Address)

3

*N.L.v, NV   89084*
(Your City, State, Zip Code)

4

*(702) 972-7099*
(Your Telephone Number)

5

6
(Your Fax Number)

*Ossirislynch1@gmail.com*
(Your E-mail Address)

7

Plaintiff, Self-Represented

8

9                          **EIGHTH JUDICIAL DISTRICT COURT**

10                              **CLARK COUNTY, NEVADA**

11

*Plaintiff's
Name:*        *Ossiris D. Lynch*        Case No.: *A25927483C*
                                        Dept. No.: _____

12
                          Plaintiff,
                vs.

13

*Defendant's
Name:*    *Granbury HOA , Valley Vista*

14

15                          Defendant.

16    **AFFIDAVIT/DECLARATION OF SERVICE UNDER PENALTY OF PERJURY**

17    *(Insert name of person performing service)*    **C. BETTS P #15528**    , being duly

18    sworn or under penalty of perjury, states that at all times relevant, I was over 18 years of age and not a

19    party to or interested in the above-captioned case; that I served a copy of the ☒ Summons, ☒ Complaint,

20    ☒ Other *(specify)* *EXHIBIT  A-U*                                    on *(insert date and*

      *time you served)* *9/23*    , 20 *25*, at the hour of *11:21* A.M., on Defendant *(insert Defendant's*

21    *name)* *GRANBURY HOA @ VALLEY VISTA % CHRIS PETTSCH* by the

22    following method *(complete appropriate paragraph below)*:

23    ☐    **Personal service per NRCP 4.2(a)(1)**: Delivering and leaving a copy with *(insert*

24    *Defendant's name)* _____ at *(insert address at*

25    *which you served)* _____.

26

27    *///*

28

*Rev. 2/20/2019*
© *Civil Law Self-Help Center*

**AOS**

1

2  *Ossiris D. Lynch*
   *(Your Name)*

3  *4433 Cityscape glen ct.*
   *(Your Mailing Address)*

   *N.Lv, NV   89084*
4  *(Your City, State, Zip Code)*

   *(702) 972-7099*
5  *(Your Telephone Number)*

6  *(Your Fax Number)*

   *ossirislynch1@gmail.com*
7  *(Your E-mail Address)*
   Plaintiff, Self-Represented

8

9                    **EIGHTH JUDICIAL DISTRICT COURT**

10                       **CLARK COUNTY, NEVADA**

11  *Plaintiff's*     *Ossiris D. Lynch*          Case No.: *A25927483C*
    *Name:*                                       Dept. No.: _____

12                        Plaintiff,

13          vs.

14  *Defendant's    Granbury HOA, Valley Vista*
    *Name:*

15                        Defendant.

16          **AFFIDAVIT/DECLARATION OF SERVICE UNDER PENALTY OF PERJURY**

17  *(Insert name of person performing service)* _____ C. BETTS P #15528 _____, being duly

18  sworn or under penalty of perjury, states that at all times relevant, I was over 18 years of age and not a

    party to or interested in the above-captioned case; that I served a copy of the ☒ Summons, ☒ Complaint,
19
    ☒ Other *(specify)* *EXHIBIT   A - U* _____ on *(insert date and*
20
    *time you served)* *9/23* _____, 20 *25*, at the hour of *11 21* A.M., on Defendant *(insert Defendant's*
21
    *name)* *GRANBURRY HOA @ VALLEY VISTA ℅ CHRIS PETTSCH* by the
22
    following method *(complete appropriate paragraph below)*:

23          ☐        **Personal service per NRCP 4.2(a)(1)**:  Delivering and leaving a copy with *(insert*

24  *Defendant's name)* _____ at *(insert address at*

25  *which you served)* _____ .

26

27  */ / /*

28

*Rev. 2/20/2019*
*© Civil Law Self-Help Center*

**For more forms and information, visit www.civillawselfhelpcenter.org.**

1  ☐ **Substitute service per NRCP 4.2(a)(2)**: Delivering and leaving a copy with *(insert name or*

2  *physical description of person served)* _____, a person of suitable age

3  and discretion residing at Defendant's dwelling house or usual place of abode, at *(insert Defendant's address)*

4  _____.

5  ☒ **Service on a business entity per NRCP 4.2(c)(1)(A)**: Delivering and leaving a copy

6  with *(insert name or physical description of person served)* JULIE McWILLIAMS — WFA ,

   who is Defendant's *(check one)* ☐registered agent, ☐officer or director, ☐ partner, ☐member, ☒manager,

7  ☐trustee, or ☐ other *(specify)* _____, at *(insert address at which you served)*

8  1180 N. TOWN CENTER DR #100 LAS VEGAS, NV 89144

9  ☐ **Other method of service authorized by Nevada statute or court rule**:

10 _____

11 _____

12 _____

13 **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE OF
   NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.**

14

15 **SERVER'S SIGNATURE:** _____ Date: 9/23/25

   Server's Phone: 702 351-1156

16 Server's ☐ Residential/ ☒ Business Address: 330 S. 3RD ST LAS VEGAS, NV 89101

17 ☐ I am a licensed process server or an employee of a licensed process server; my license or registration
   number is *(insert license or registration number)*: _____.

18 ☒ I am not required to be licensed under chapter 648 of the Nevada Revised Statutes or another
   provision of law because am not engaged in the business of serving legal process within the State of
19 Nevada.

20

21

22

23

24

25

26

27

28

**OFFICE OF THE EX-OFFICIO CONSTABLE**

301 E. CLARK AVE., STE. 100, LAS VEGAS, NV 89101

**CIVIL PROCESS FORM**

LVTC: _31761_

CASE #: _A25927483 C_

COURT DATE: _____

ZIP CODE: _89144_

SERVICE FEE: _41.00_

SERVED

### PLEASE COMPLETE THE FOLLOWING INFORMATION ABOUT THE PERSON OR COMPANY WE ARE SERVING

**Name and Title of Person to be served. IF COMPANY CORPORATION, PROVIDE THE OWNER NAME, CORPORATE OFFICERS OR RESIDENT AGENT.**

NAME OR BUSINESS: _Granburry HOA @ Valley Vista c/o Chris Peitsch_

HOME ADDRESS/Apt or Ste #/Zip Code: _____

EMPLOYER AND EMPLOYER ADDRESS: _1180 N. Town Center Dr #100 Lv, NV. 89144_

BEST TIME TO SERVE DURING NORMAL BUSINESS HOURS: HOME: _____ WORK: ✓

PHONE # OF PERSON TO BE SERVED: HOME/WORK: _(702) 577-3500_ MOBILE: _____

DESCRIPTION: RACE: _White_ SEX: _M_ AGE: _50+_ HT: _5"7_ WT: _160_ HAIR: ____ EYES: ____

VEHICLE: YEAR: _____ MAKE: _____ BODY STYLE: _____ COLOR: _____ PLATE: _____

OTHER INFORMATION TO HELP US SERVE THE DEFENDANT:

PLAINTIFF NAME: _Osiris D. Lynch_ TELEPHONE #: _(702) 972-7099_

ADDRESS: _4433 Cityscape Glen Ct. North Las Vegas, NV 89084_

---

### DEPUTY WORKSHEET

DEPUTY ASSIGNED: _Rhoads_ DATE: _9-10-25_

#### SERVICE ATTEMPTS

1. DATE: _9/23/25_ TIME: _1121_ LOCATIONS: _S/A_
2. DATE: _____ TIME: _____ LOCATIONS: _____
3. DATE: _____ TIME: _____ LOCATIONS: _____

DEPUTY NOTES: _____

_1) Def Served — JULIE MCWILLIAMS WFM_

# OFFICE OF THE EX-OFFICIO CONSTABLE
# LAS VEGAS

September 24, 2025

OSSIRIS D LYNCH
4433 CITYSCAPE GLEN CT
NORTH LAS VEGAS, NV  89084

In the matter regarding:

Case#:            A25927483C

Defendant:     GRANBURRY HOA AT VALLEY
                      VISTA

The paperwork for your Summons was SERVED.

Thank you for the opportunity to assist you with your case. Should you have questions or concerns in the future, please do not hesitate to contact this office.

Sincerely,

Office of the Ex-Officio Constable

By:                    JACKIEM
Office of the Ex-Officio Constable Clerk

330 S. 3rd St Suite 600
Las Vegas, NV 89101
(702) 455-4099 • Fax: (702) 385-2436

**SUMM**

1

Ossiris D. Lynch
*(Your Name)*

2

4433 Cityscape glen ct.
*(Your Mailing Address)*

3

N. Lv, NV 89084
*(Your City, State, Zip Code)*

4

(702) 972-7099
*(Your Telephone Number)*

5

6

*(Your Fax Number)*

Ossirislynch1@gmail.com
*(Your E-mail Address)*

7

Plaintiff, Self-Represented

8

9

### EIGHTH JUDICIAL DISTRICT COURT

10

### CLARK COUNTY, NEVADA

Case: A-25-927483-C

11

Plaintiff's
Name:     Ossiris D. Lynch

Case No.:  Dept. 7
Dept. No.

12

Plaintiff,

vs.

13

Defendant's
Name:     Granburry HOA, Valley Vista

14

15

Defendant.

16

### SUMMONS

17

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU FILE A RESPONSE WITH THE COURT WITHIN 21 DAYS. READ THE INFORMATION BELOW CAREFULLY.**

18

19

To the Defendant named above: Granburry HOA, Valley Vista

20

A civil complaint has been filed by the Plaintiff against you. Plaintiff is seeking to recover the

21

relief requested in the complaint, which could include a money judgment against you or some other form

22

of relief.

23

If you intend to defend this lawsuit, within 21 calendar days[1] after this Summons is served on you

24

(not counting the day of service), you must:

25

    1.    File with the Clerk of the Court, whose address is shown below, a formal written

26

           response (typically a legal document called an "answer," but potentially some other

27

28

---

[1] The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members, and legislators each have 45 days after service of this Summons within which to file a response to Plaintiff's complaint.

**For more forms and information, visit www.civillawselfhelpcenter.org.**

*Rev. 2/20/2019*
© *Civil Law Self-Help Center*

1    response) to Plaintiff's complaint.

2    2.    Pay the required filing fee to the court, or file an Application to Proceed *In Forma*

3    *Pauperis* and request a waiver of the filing fee.

4    3.    Serve (by mail or hand delivery) a copy of your response upon the Plaintiff whose name

5    and address is shown below.

6    | **Information and forms to assist you are available, free of charge, at the Civil Law Self-Help Center at the Regional Justice Center, 200 Lewis Avenue, Las Vegas, Nevada, and on the center's website at www.civillawselfhelpcenter.org.** |

8    If you fail to respond, the Plaintiff can request your default. The court can then enter judgment

9    against you for the relief demanded by the Plaintiff in the complaint, which could result in money or

10    property being taken from you or some other relief requested in Plaintiff's complaint.

11    If you intend to seek an attorney's advice, do it quickly so that your response can be filed on time.

12                STEVEN D. GRIERSON, CLERK OF COURT

14    By: _____    Date: 9-8-25
15        Deputy Clerk   Marcella Terrones
        Regional Justice Center
16        200 Lewis Avenue
        Las Vegas, Nevada 89155

18    Issued at the request of:

19    _____
      *(Signature)*
20    Ossiris D Lynch
      *(Your Name)*
21    4433 Gityscape glen ct.
      *(Your Street Address)*
22    N.LV, NV. 89084
      *(Your City, State, and Zip Code)*

23    Plaintiff, Self-Represented

25    Note:    When service is by publication, add a brief summary of the claims asserted, the relief sought, and include any special statutory
26    requirements. This summary should have been proposed through a Motion Seeking Publication and approved through an Order
      for Service by Publication. See Nevada Rule of Civil Procedure 4.4(c).

28

*Rev. 2/20/2019*
© *Civil Law Self-Help Center*

Electronically Filed
09/08/2025

*[signature]*

CLERK OF THE COURT

# DISTRICT COURT

# CLARK COUNTY, NEVADA

OSSIRIS LYNCH, Plaintiff, Pro Se

v.

GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION, Defendant

Case: A-25-927483-C
Dept. 7

Case No: _____

Dept No: _____

## CIVIL COMPLAINT FOR:

1. Breach of Settlement Agreement 2. Retaliation under NRS 116.31183 3. Violation of Federal Fair Housing Act – 42 U.S.C. § 3617 4. Selective Enforcement and Abuse of Process 5. Intentional Infliction of Emotional Distress 6. Breach of Fiduciary Duty / Attorney Misconduct 7. Declaratory and Injunctive Relief

## I. JURISDICTION AND VENUE

1. Plaintiff Ossiris Lynch is a resident and homeowner within the Granbury at Valley Vista community, located in North Las Vegas, Clark County, Nevada.

2. Defendant Granbury at Valley Vista Homeowners Association is a Nevada nonprofit corporation registered to conduct business in Clark County.

3. Venue is proper under NRS 13.040 as the events giving rise to these claims occurred in this jurisdiction.

4. Plaintiff will rely on Exhibits A through U in support of his claims, which include board communications, legal records, invoices, witness statements, police reports, and medical evidence.

5. Plaintiff further gives notice that he intends to subpoena records during discovery from FirstService Residential and John Leach of LKG, LTD., former HOA legal counsel, to obtain all records, invoices, communications, and legal billing related to the activities of Daniel Brandmyer and Amy Wright Easton between November 2021 and December 2024.

## II. FACTUAL ALLEGATIONS

1. In January 2025, the Granbury at Valley Vista HOA agreed to pay Plaintiff $7,500 in partial reimbursement for legal fees arising from misconduct by former board members. This agreement was made following an NRED ADR process. The agreement was confirmed by HOA Treasurer Linda Buckingham and reiterated in written correspondence (Exhibits A, O, and U).

2. Despite the board vote and clear communication, the HOA—through its legal counsel—has failed to disburse the agreed funds. Plaintiff's attorney made repeated follow-up attempts, all of which resulted in further legal bills.

3. Plaintiff has now incurred over $26,968.62 in legal costs, some of which were directly caused by the HOA's failure to comply with its own settlement decision (Exhibit M).

4. Plaintiff and his wife, Kengel Rankin-Lynch, have also been subjected to retaliation, public doxxing, social media attacks, and targeted abuse from former board members and current HOA legal counsel (Exhibits H–K, N).

5. These acts include the HOA's attorney issuing a letter demanding Kengel's resignation using false legal claims and referencing dismissed complaints (Exhibit T). Plaintiff was labeled a threat, while other members—who committed actual violations—were not punished.

6. Plaintiff further gives notice that, during discovery, he intends to seek production of records from former management company FirstService Residential and from John Leach of LKG, LTD., who previously served as HOA legal counsel, pursuant to NRCP 45. Specifically, Plaintiff will subpoena all records, invoices, communications, and legal billing between the Granbury at Valley Vista Homeowners Association, Daniel Brandmyer, and Amy Wright Easton from November 2021 through December 2024. This request will include, but is not limited to, directives for legal action, violation notices, board correspondence, and third-party communications. These records are material to demonstrating the misuse of HOA funds, selective enforcement, and retaliation carried out under the direction of former board members and in coordination with HOA legal counsel.

## III. CAUSES OF ACTION

### Cause of Action 1 – Breach of Settlement Agreement

Defendant failed to honor its agreement to pay Plaintiff $7,500. This breach has caused direct financial and emotional harm.

### Cause of Action 2 – Retaliation under NRS 116.31183

Plaintiff was targeted through HOA legal channels after filing protected complaints. Actions taken against his wife confirm selective enforcement.

### Cause of Action 3 – Violation of 42 U.S.C. § 3617 (Fair Housing Act)

Defendant and its agents interfered with Plaintiff's rights by doxxing, silencing, and retaliating against his household for exercising federal housing rights.

**Cause of Action 4 – Misuse of HOA Legal Funds & Selective Enforcement**

Defendant used community funds to target Plaintiff and his wife without vote or community interest, while shielding other violators.

**Cause of Action 5 – Emotional Distress**

Plaintiff experienced continued stress, household conflict, and psychological harm due to public smearing, legal threats, and character attacks (Exhibit N).

**Cause of Action 6 – Breach of Fiduciary Duty / Attorney Misconduct**

Counsel acted as personal agents of former board members rather than legal advisors to the HOA as a whole, violating RPC 1.13 and NRS 116.3103.

**Cause of Action 7 – Declaratory Relief**

Plaintiff requests the Court declare that HOA counsel acted outside the bounds of legal authority and that Plaintiff's rights were violated.


## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following:

1. Compensatory damages in an amount no less than $26,968.62 and continuing.

2. Prejudgment interest from January 2025.

3. Statutory damages and emotional distress damages under federal and state law.

4. Punitive damages for malicious conduct and abuse of legal process.

5. Declaratory and injunctive relief as appropriate.

6. Reasonable attorney's fees and court costs.

7. Any other relief deemed just and proper by the Court.


Respectfully submitted,


Ossiris Lynch, Plaintiff, Pro Se

9260 S. Rainbow Blvd, Ste 100

Electronically Filed
09/08/2025

*[signature]*

CLERK OF THE COURT

# DECLARATION OF OSSIRIS LYNCH

Case: A-25-927483-C
Dept. 7

I, Ossiris Lynch, declare under penalty of perjury as follows:

1. I am the Plaintiff in the matter concerning the Granbury at Valley Vista Homeowners Association. I make this declaration based on personal knowledge and belief unless otherwise stated.

2. I have reviewed the attached exhibits, labeled Exhibits A through U, submitted in support of my civil complaint filed in District Court, Clark County, Nevada.

3. Each exhibit referenced and submitted is a true and correct copy of the original, and accurately reflects the events, communications, or records described therein.

4. These exhibits include internal HOA communications, legal filings, police reports, witness statements, medical documentation, invoices, and email correspondence, all demonstrating a documented pattern of retaliation, misuse of legal counsel, and financial harm.

5. I respectfully submit this declaration in support of my claims, causes of action, and request for full legal relief, including compensatory, statutory, and punitive damages, as well as injunctive and declaratory relief as described in the complaint.

Executed on this 3rd day of September, 2025, in Clark County, Nevada.

*[signature]*

Ossiris Lynch, Plaintiff, Pro Se

9260 S. Rainbow Blvd, Ste 100

Las Vegas, NV 89139

(702) 972-7099

ossirislynch1@gmail.com

# EXHIBIT INDEX – A through U

Ossiris Lynch v. Granbury at Valley Vista HOA
District Court – Clark County, Nevada

**Exhibit A.** Speech to Granbury Community on 4/1/2025 by Treasurer Linda Buckingham

**Exhibit B.** Copy of cease-and-desist letter to Amy Easton and former HOA management company (The Management Trust)

**Exhibit C.** HOA violation notices against Plaintiff that were dismissed after issuance of C&D; letter

**Exhibit D.** Police reports filed with NLVPD (Report #s 2969, 2761, 2712, 2976, 2779), including police filing summary

**Exhibit E.** Request form and service call log for Valley Vista (4/4/24 to 6/4/24) — Dan Brandmyer only involved in Easton-related call

**Exhibit F.** Body camera footage showing Dan Brandmyer abusing authority during police interaction

**Exhibit G.** Invoice showing HOA funds used to run a background check on Plaintiff and his family

**Exhibit H.** Facebook post by Amy Easton doxing Plaintiff's criminal background in retaliation

**Exhibit I.** Second Facebook post by Amy Easton on 7/19/2024 admitting to posting Plaintiff's criminal history

**Exhibit J.** Post of Plaintiff's son Kingston shared on Amy Easton's Facebook page

**Exhibit K.** Text message from Michelle Brandmyer confirming Amy Easton was the author of the doxing post

**Exhibit L.** Witness statements from Linda Buckingham, Lisa Bertolli, and Brandon Davenport attesting to misconduct

**Exhibit M.** Legal fee receipts totaling $26,968.62 (and counting)

**Exhibit N.** Clinical letter from therapist Jasminda Horne, LCSW, diagnosing trauma caused by HOA harassment

**Exhibit O.** Email from HOA Treasurer Linda Buckingham dated 7/24/2025 confirming agreement to pay $7,500 and attributing delay to legal/management

**Exhibit P.** Clark County District Court Minute Order dated 5/12/2025 in Case No. A-25-915056-C (Anti-SLAPP dismissal)

**Exhibit Q.** CCDC Minute Order dated 8/27/2025 in Case No. A-25-915056-C denying Dan Brandmyer's motion to reopen

**Exhibit R.** CCDC Minute Order dated 8/27/2025 in Case No. A-25-915056-C denying Dan Brandmyer's motion for reconsideration

**Exhibit S.** Pattern of Retaliation and Legal Manipulation Summary (2024–2025)

**Exhibit T.** Response letter from Attorney Rusty Graf (dated 5/20/2025) rebutting HOA counsel's request for Kengel Rankin-Lynch to resign

**Exhibit U.** Plaintiff's formal demand letter sent via email on July 8, 2025, to HOA Board members and counsel. The letter outlines the HOA's failure to disburse the $7,500 reimbursement approved in January 2025, quantifies legal fees caused by the delay ($24,202.94), and provides a deadline for compliance. The demand was acknowledged by the HOA's vendor representative, confirming receipt and circulation to the board.

# EXHIBIT COVER PAGE

## Exhibit A

Speech to Granbury community meeting on 4/14/2025 read by Treasurer, Linda Buckingham

*Submitted by Plaintiff*

*District Court - Clark County, Nevada*

**Speech to the Granbury Community**

Good Evening neighbors,

Thank you for allowing me the opportunity to speak with you today—not just as a member of this community, but as someone who deeply cares about its well-being, its future, and the people who call it home.

I want to begin by addressing a matter that should concern us all: the **misuse of legal funds**. Our HOA has spent **$31,226** on legal fees—not to improve our neighborhood or protect our collective interests, but to pursue personal vendettas and silence differing opinions. This is a misuse of funds—plain and simple. These dollars could have been used to enhance our common areas, organize community events, or support initiatives that truly bring us together. Instead, they were funneled into legal actions that offered no benefit to the community as a whole. **Let that sink in… To date, $31,226 of your money—our money—**has been spent on legal actions that had nothing to do with protecting or improving Granbury @ Valley Vista. These were not expenses aimed at enhancing our neighborhood or solving real issues. They were spent pursuing personal vendettas, silencing dissent, and intimidating those who dared to question certain individuals.

To be clear, **misuse of funds** means spending money in ways that don't align with the approved purpose or the community's best interest. It is not the same as **embezzlement**, which is the illegal taking of funds for personal gain—but that distinction doesn't excuse waste. Whether done out of spite, bias, or ego, misusing the community's money violates our trust and hurts us all.

I want everyone to know that my primary intention from the beginning was to prevent the situation from escalating into a full-blown legal conflict. However, once I began to speak up and advocate for transparency and fairness, I became the target of intimidation tactics. Shortly thereafter, I received multiple cease and desist letters at my home—sent by former board members—intended to silence and discourage me. Copies of these letters are referenced in both the January 2024 and April 2024 board meeting agendas.

In addition to the two cease and desist letters, I also received one from the Master Association, on which a former board member also served at the time. As if that weren't enough, in August one of the board members then filed an Ombudsman complaint with the State of Nevada—yet another attempt to bully me off the board and suppress my voice. These are just a few of the actions that I have endured while serving in the fully volunteer position.

Now, let's talk about **truth versus manipulation**. There's a critical difference between misinformation and disinformation. This is another issue that we must **confront,** which is the **weaponization of misinformation and disinformation**. Misinformation is false content shared without intent to harm. Disinformation, however, is something far more dangerous—it is deliberately misleading and harmful, often designed to manipulate or divide.

Unfortunately, a Facebook page created over two years ago has become a breeding ground for disinformation. This page—meant to connect and inform—has devolved into a **"burn book"**, used to **bully, shame, defame, and divide**. It has consistently violated the very rules its own admins put in place—rules; Rule #2 Have Fun, #3 Be Kind and Courteous, Rule #4 NO HATE SPEECH OR BULLYING and Rule #5 Respect everyone's privacy. It appears that they have no intention of having anyone including themselves follow **their rules**. If you've witnessed something different, we invite you to speak up. But if you participate in this space while staying silent about its harm, you're enabling the problem. This page doesn't represent community, especially our community. There is no kindness, courteousness or respect on this page. Instead, we've seen **doxxing**—the public posting of private information about individuals to target and intimidate them. We've seen community members labeled and mocked. Others have been removed and blocked for having a difference of opinion and then attacked. **Let me again remind you**—if you are actively participating in this space, **you are contributing to the toxicity that is causing a divide in this community**. This page is not a reflection of who we are as a whole, nor does it represent the heart of this community.

Now, I want to address something especially painful: **racial undertones** that have emerged since the current board was elected. Describing our neighborhood as "ghetto" is not only offensive—it

is rooted in prejudice. According to Merriam-Webster, a *ghetto* is "a part of a city in which members of a minority group live, especially due to social, legal, or economic pressure."

Let's not pretend this word was chosen at random. When people start using such language after the board becomes more diverse, it's no longer about policies or potholes. It's about **bias**, whether conscious or not. And that cannot be tolerated. Using that word in reference to a more diverse leadership isn't about landscaping. It's about prejudice. And it's not okay.

**This isn't just uncomfortable—it's unacceptable. Our community deserves better, and we must all be willing to call this behavior out for what it is.**

Unfortunately, the negativity hasn't stopped there, we continue to see **interference from individuals who no longer serve this board or this community in any official capacity**. These outsiders, including former board members and those who no longer reside or are vested in this comunity,  that have chosen to act as self-appointed authorities—spreading disinformation, stirring division, and undermining the efforts of those who were elected to serve. If you no longer hold a seat, you no longer hold authority. It's time to respect the will of the community and **step aside**.

The last bit of housecleaning that I would like to discuss due to disinformation is the Landscaping cost. Back in September and October, the topic of landscaping was thoroughly discussed during both HOA meetings. We addressed the costs associated with the conservation project and provided detailed explanations to ensure transparency. Despite this, certain individuals—intent on disrupting and dividing our community—are now spreading disinformation about these funds, which were properly reviewed and approved during the October meeting.

To clarify, the total cost of the conservation project was $45,284. We received a rebate of $10,648, bringing the final cost down to $34,636. This was not only a fiscally responsible project, but one that also aligned with water conservation efforts and long-term savings for our community.

In addition, last summer's extreme heat, combined with the installation of incorrect water emitters by Lennar, caused significant damage to the landscaping in the rear areas of the community. Park West, our landscape provider, was invited to speak during the October meeting to explain the extent of the damage and the necessary remediation. The cost to replace the dead plants and trees came to $31,103. When combined with the conservation project, the total expenditure amounted to $65,739.

I hope this clears up any confusion or concern surrounding this matter.

**So, where do we go from here?**

We move forward—together—but without the interference of those who thrive on misinformation, disinformation, and chaos. Our focus remains on transparency, inclusion, and meaningful progress. We will continue to listen to your concerns, make decisions rooted in the best interest of the entire community, and hold ourselves accountable to the standards we all deserve.

This is your community. This is our community. And it's time we reclaim it from those who seek only to divide.

Thank you for standing with us. Thank you for believing in unity, integrity, and forward momentum.

# EXHIBIT COVER PAGE

## Exhibit B

Copy of C&D letter to Amy Easton and former HOA management company, Management Trust

*Submitted by Plaintiff*

*District Court - Clark County, Nevada*

# NOTICE TO CEASE AND DESIST

**November 7, 2023**

**VIA HAND DELIVERY and CERTIFIED MAIL:**

| | |
|---|---|
| Amy Easton<br>Xx<br>Las Vegas, NV | The Management Trust<br>8485 W. Sunset Rd Ste 100<br>Las Vegas, NV 89113 |

**Re:  Current Harassment, Cyberbullying, and Violation of CC&Rs and ByLaws of Grandbury at Valley Vista Homeowners Association**

Dear Amy Easton and Management Trust Homeowners Association:

This letter is being served as notice of unwarranted harassment activities and violations of law. These acts have been committed or facilitated by HOA board member Amy Easton since the beginning in April of 2023 to the present.  This notice is from homeowners to Grandbury at Valley Vista Homeowners Association ("HOA") and its current board members.  This is your notice that HOA board member Amy Easton be required to cease and desist all verbal and online attacks, including, but not limited to:

**Bullying.** Violation of NRS 116.31184. Section (1), Subsection (a) and (b): Grandbury at Valley Vista Homeowners Association board member Amy Easton, has engaged in bullying behavior towards residents within the community. This includes intimidation, harassment, and verbal abuse, both online and in person, creating an environment of fear and hostility.

**Failure to Fulfill Duties.** Violation of NRS 116.31036 (3) The Management Trust HOA has failed to fulfill their duty of acting in the best interest of the homeowners and the community. Their actions have demonstrated a disregard for the welfare and concerns of the residents, leading to a breakdown of effective governance.

**Harassment and Threats.** Violation of NRS 200.571 and NRS 200.603: Amy Easton has exhibited behavior that may potentially constitute harassment, threats, or acts of violence.  Such actions create an unsafe and hostile environment for the residents, jeopardizing their well-being and peace of mind.

**Retaliatory Action Against an Owner.** Violation of NRS 116.31183 which prohibits the taking, directing or encouraging another person to take any retaliatory action against an owner.

NRS 116.31183 provides as follows:

1. An executive board, a member of an executive board, a community manager or an officer, employee or agent of an association shall not take, or direct or encourage another person to take, any retaliatory action against a unit's owner because the unit's owner has:

(a) Complained in good faith about any alleged violation of any provision of this chapter or the governing documents of the association;

(b) Recommended the selection or replacement of an attorney, community manager or vendor;

[...]

2. In addition to any other remedy provided by law, upon a violation of this section, a unit's owner may bring a separate action to recover:

(a) Compensatory damages; and

(b) Attorney's fees and costs of bringing the separate action.

NV Rev Stat § 116.31183 (2022)

**Privacy of minors and residents.** Violation of the Children's Online Privacy Protection Act (COPPA): Amy Easton, through one or more online communication platforms, has failed to comply with COPPA regulations in her role as board member, specifically regarding the protection of children's online privacy. Rather than going through the proper channels of informing residents of potential violations,  Amy encouraged members to post images of neighborhood children allegedly committing nuisance, and has shared personal information and images of minors online without obtaining proper parental consent, putting the privacy and safety of children at risk.

Amy Easton has on more than a few occasions approved or allowed posts that targeted certain homeowners  personal information such as home addresses and description of the contents of their garages. Amy also posts or has allowed posts peeping pictures of homeowner's backyards and encouraged homeowners to point personal cameras towards the parks in our community where children play.

**If you do not cease all related acts a harassment lawsuit will be commenced against you, the HOA, and any associated members engaging in / and or encouraging such activities.**

# EXHIBIT COVER PAGE

## Exhibit C

Copy of violations dismissed after the C&D letter:

  (1) Accusing me of doing repairs

  (2) Accusing me of water damage

*Submitted by Plaintiff*

*District Court - Clark County, Nevada*

## Granbury at Valley Vista Homeowners Association

*2590 Nature Park Drive, Suite 100 Las Vegas NV, 89084*
*t: (702) 737-8580*
*https://granburyatvalleyvista.connectresident.com/*

### HOMEOWᴎ ER RESPOᴎ SE FORM

This form is being provided as a means for you to communicate to the Board of Directors the action taken to resolve the below referenced violation. All responses are required to be in writing. Please complete this form and mail at the address above, email to GranburyatValleyVista@fsrnevada.com, or View/Update Online: https://hoa.smartwebs.com/8ajCn. To expedite closure of your violation, please upload, email, or mail a photo of the complied violation with your response.



**Property Address: 4433 Cityscape Glen Ct**
**Violation Type: Parking/ Vehicular Restrictions - Commercial Vehicles - Park in garage**
**Location: On Property**
**Comments: "(d) ᴎ o Person shall conduct repair or restoration of any motor vehicle, boat, trailer, aircraft, or other vehicle upon any portion of the Properties or on any street within or abutting the Properties; provided that repair and/or restoration of one (1) such item only shall be permitted within an Owner's garage so long as the garage door remains closed; provided further that such activity may be prohibited entirely by the Board if the Board determines in its reasonable discretion that such activity constitutes a nuisance. Vehicles owned, operated or within the control of any Owner or of a resident of such Owner's Dwelling shall be parked in the garage of such Dwelling to the extent of the space available therein. All garages shall be kept neat and free of stored materials so as to permit the parking of at least one (1) standard sized American sedan automobile therein at all times. Garage doors shall not remain open for prolonged periods of time, and must be closed when not reasonably required for immediate ingress and egress. The Association, through the Board, is hereby empowered to establish and enforce any additional parking limitations, rules and/or regulations (collectively, ""parking regulations"") which it may deem necessary, including, but not limited to, the levying of fines for violation of parking regulations, and/or removal of any violating vehicle at the expense of the owner of such vehicle."**

☐ Has been resolved as of ___/___/___

☐ Will be resolved on or before ___/___/___

☐ Architectural Application submitted on ___/___/___

☐ Request an extension of _____ days to resolve

**\* ᴎ ote: For your convenience, you may email your response to GranburyatValleyVista@fsrnevada.com, or View/Update Online: https://hoa.smartwebs.com/8ajCn. Please be sure to include your Associations ᴎ ame, Unit Address, and the specific violation you are writing in response to.**

Upon receipt of this form, your account will be noted accordingly.

Kengel Rankin
4433 Cityscape Glen Ct
N Las Vegas NV 89084

Signature: _____    Date: _____

_____ I am the deeded owner of this property.

_____ I am currently leasing this property.

**Granbury at Valley Vista Homeowners Association**
*PROFESSIONALLY MANAGED BY*

 The Management Trust™
Community Management. Built Differently.

(702) 835-6904 | managementtrust.com
Kengel Danissa Rankin
4433 Cityscape Glen Court
North Las Vegas, NV 89084



December 20, 2023

**COURTESY NOTICE**
Reference: 4433 Cityscape Glen Court, North Las Vegas, NV 89084
Account: 50373191060

Dear Kengel Danissa Rankin,

Community Associations, like the one in which you live, have the responsibility of maintaining harmony within the community, protecting property values and ensuring your community is a pleasant place to live. We are writing to request your assistance with one or more item(s) that recently came to our attention, which may not meet the standards set forth in the Declaration of Covenants, Conditions and Restrictions and/or Rules and Regulations for your Association. Specifically, the following appear to be out of compliance: **Installed Landscaping - We received a report of water damage to the shared wall, please make sure the plants and irrigation system have a setback of 3 ft from the wall,please check for any leaks as well.**

Section 9.8 Installed Landscaping.

(d) To help prevent and/or control water damage to foundations and/or

walls and/or fences, each owner covenants, by acceptance of a deed to his or her Lot, whether or not so stated in such deed, to not cause or permit spray irrigation water or sprinkler water or drainage on his or her Lot to seep or flow onto, or to strike upon, any foundation, slab, side or other portion of Dwelling, exterior concrete flatwork, wall (including, but not necessarily limited to, Party wall and/or Perimeter wall), or fence, and/or any other Improvement.

We realize this may be an oversight or you may have been unaware this is not permitted in your community. The Board of Directors respectfully requests that you correct the condition(s) within 14 **days**.

If you have corrected the above-cited condition, please accept our appreciation in doing so and disregard this letter. If you believe this letter has been sent in error, please contact The Management Trust Nevada Community Support team by logging into your owner portal at my.managementtrust.com. Click on the My Items page and comment on the Non-compliance item listed as XN XN17204868. You may also contact our office at the phone number noted below for assistance.

We truly appreciate your help in resolving this as quickly as possible. Thank you for your assistance, and for doing your part to keep our community a beautiful place to live.

Sincerely,

Granbury at Valley Vista Homeowners Association

This Community is Professionally Managed By:
The Management Trust Nevada
(702) 835-6904
8485 W Sunset Rd Suite 100
Las Vegas, NV 89113



# EXHIBIT COVER PAGE

## Exhibit D

Police reports to NLVPD: P#s 2969, 2761, 2712, 2976, 2779, and police filing

*Submitted by Plaintiff*

*District Court - Clark County, Nevada*



*HARASSMENT*

**NORTH LAS VEGAS POLICE DEPARTMENT**
**VICTIM'S INFORMATION GUIDE**

*2405140009366*

OFFENSE      OFFICER'S NAME *MIDDLEBROOK* P# *2969*      CASE NUMBER

This document is important for you to keep since it will help you refer to your particular case number. If you need a copy of your police report, it can be obtained 72 HOURS AFTER filing the report, for a nominal fee, from the NLVPD Records Bureau. Call 702-633-1715 for assistance. **If you need to file additional information about your case, you may contact the nearest NLVPD sub-station for guidance**. More information is available at www.cityofnorthlasvegas.com.

☐   This report will be forwarded to the City Attorney's Office to evaluate prosecutorial merit. To determine the status of your case, contact the City Attorney's Office one week following the date of this report at 702-633-2100.

☐   This case will be reviewed further by the Detective Bureau. If you have questions or additional information, call the Detective Bureau at 702-633-1773.

☐   A continuing investigation would not be productive at this time due to lack of investigative leads. If additional information becomes available at a later date, the department may assign an investigator. Despite the fact that this case will not be part of a continuing investigation, it will be part of our permanent records and will be reviewed automatically for crime analysis.

**ATTENTION: IT IS YOUR RESPONSIBILITY TO IMMEDIATELY NOTIFY THE NLVPD IF YOU SHOULD RECOVER YOUR STOLEN VEHICLE YOURSELF**

The following agencies provide services to victims of crime. If an agency is not listed, or you need additional information, please contact the **North Las Vegas Police Department Victim/Witness Advocate 702-633-1751 / 702-633-2412** (Spanish).

| | | | |
|---|---|---|---|
| Domestic Violence Hotline/Emergency Protective Orders | 702-646-4981 | CPS/ Child and Abuse Hotline | 702-399-0081 |
| Clark Co. Juvenile Court Services | 702-455-5200 | Elder Abuse Hotline | 702-486-6930 |
| National Suicide Prevention Hotline | 988 or 1-800-273-8255 | Nevada Child Seeker | 702-458-7009 |

**VINELink: ( Offenders Custody Status)** is a automated notification system. This is a free and confidential service. For information or to register by phone call (**1-888-268-8463**) or register online at www.vinelink.com. Notification is available when an inmate is released or transferred.

**NORTH LAS VEGAS POLICE DEPARTMENT VICTIM/WITNESS ADVOCATE:** Provides crisis intervention, an assessment of the immediate needs of crime victims, court accompaniment, initiates crime compensation claims paperwork, provides referrals to other agencies, and functions as a liaison with NLVPD personnel and the community. For assistance, please call **NLVPD Victim Advocate at 702-633-1751 / 702-633-2412** (Spanish).

**UVISA:** Foreign national victims of crimes who have suffered substantial mental or physical abuse and are willing to assist law enforcement and government officials in the investigation or prosecution of the criminal activity may file a Form I-918, Petition for U Nonimmigrant Status by contacting the **NLVPD Victim Witness Advocate at 702-633-1751.**

**NORTH LAS VEGAS CITY ATTORNEY'S OFFICE – VICTIM/WITNESS SERVICES:** Provides case status updates, information about victims' rights, court accompaniment, assistance to apply for Nevada Victims' of Crime Compensation, and referrals to other community services. Please contact the City Attorney's Office Victim/Witness Advocate at 702-633-2100 ext. 2545.

**CLARK COUNTY DISTRICT ATTORNEY VICTIM/WITNESS ASSISTANCE CENTER:** Provides Justice Court and District Court case information and addresses any concerns you may have regarding your appearance as a witness. When you receive a subpoena to appear in a Justice Court or District Court case, please contact the Victim Witness Assistance Center at 702-671-2525. If you change your address, please advise the detective assigned to the case or an advocate at the Victim Witness Assistance Center.

**ASSISTANCE OF VICTIMS OF SEXUAL ASSAULT:** Victims of sexual assault may be eligible for medical treatment and counseling under NRS 217.280. For information call the Clark County District Attorney's Office. Victim Services Center at 702-671-2525, or the Rape Crisis Center at 702-385-2153. Note: Applications for this service must be received within 60 days of the commission of the crime.

**COMPENSATION FOR VICTIMS OF VIOLENT CRIME:** Victims of violent crime may qualify for monetary compensation from the State of Nevada under NRS 217.010. For information or application, call the NLVPD Victim/Witness Advocate or the Nevada State Victims of Violent Crime Compensation Program at 702-486-2740. Note: Applications for this service must be received within one year of the commission of the crime.

**PROTECTION OF VICTIMS AND WITNESSES:** Victims/witnesses of crime are entitled to certain rights under NRS 178.569 (i.e. investigation of threats of harm, notice of releases of a defendant upon written request, a listing of property being held by a law enforcement agency, etc.). For information concerning these rights, you may contact the Victim Assistance Office at **702-633-1751 / 702-633-2412** (Spanish).

**OBLIGATIONS OF CITIZENS FILING MISDEMEANOR CRIME REPORT WITH NLVPD**

1.   It is imperative that you update your address and phone number if you move, regardless of the status of your case, by calling 702-633-2100.
2.   If a trial is necessary, you must be available to testify.
3.   The police report number appears at the top of this page. You must provide that number when you contact the City Attorney, District Attorney or the Detective assigned to your case.

2919(Rev. 8.22)

*HARRASMENT*

**NORTH LAS VEGAS POLICE DEPARTMENT**
**VICTIM'S INFORMATION GUIDE**    230607OO11526

OFFENSE            OFFICER'S NAME    *RIVERA*    2761    CASE NUMBER

This document is important for you to keep since it will help you refer to your particular case number. If you need a copy of your police report, it can be obtained 72 HOURS AFTER filing the report, for a nominal fee, from the NLVPD Records Bureau. Call 702-633-1715 for assistance. **If you need to file additional information about your case, you may contact the nearest NLVPD sub-station for guidance**. More information is available at www.cityofnorthlasvegas.com.

☐    This report will be forwarded to the City Attorney's Office to evaluate prosecutorial merit. To determine the status of your case, contact the City Attorney's Office one week following the date of this report at 702-633-2100.

☐    This case will be reviewed further by the Detective Bureau. If you have questions or additional information, call the Detective Bureau at 702-633-1773.

☒    A continuing investigation would not be productive at this time due to lack of investigative leads. If additional information becomes available at a later date, the department may assign an investigator. Despite the fact that this case will not be part of a continuing investigation, it will be part of our permanent records and will be reviewed automatically for crime analysis.

**ATTENTION: IT IS YOUR RESPONSIBILITY TO IMMEDIATELY NOTIFY THE NLVPD IF YOU SHOULD RECOVER YOUR STOLEN VEHICLE YOURSELF**

The following agencies provide services to victims of crime. If an agency is not listed, or you need additional information, please contact the **North Las Vegas Police Department Victim/Witness Advocate 702-633-1751 / 702-633-2412 (Spanish).**

| | | | |
|---|---|---|---|
| Domestic Violence Hotline/Emergency Protective Orders | 702-646-4981 | CPS/ Child and Abuse Hotline | 702-399-0081 |
| Clark Co. Juvenile Court Services | 702-455-5200 | Elder Abuse Hotline | 702-486-6930 |
| National Suicide Prevention Hotline | 1-800-273-8255 | Nevada Child Seeker | 702-458-7009 |

**VINELink: ( Offenders Custody Status)** is a automated notification system. This is a free and confidential service. For information or to register by phone call **(1-888-268-8463)** or register online at **www.vinelink.com.** Notification is available when an inmate is released or transferred.

**NORTH LAS VEGAS POLICE DEPARTMENT VICTIM/WITNESS ADVOCATE:** Provides crisis intervention, an assessment of the immediate needs of crime victims, court accompaniment, initiates crime compensation claims paperwork, provides referrals to other agencies, and functions as a liaison with NLVPD personnel and the community. For assistance, please call **NLVPD Victim Advocate at 702-633-1751 / 702-633-2412 (Spanish).**

**UVISA:** Foreign national victims of crimes who have suffered substantial mental or physical abuse and are willing to assist law enforcement and government officials in the investigation or prosecution of the criminal activity may file a Form I-918, Petition for U Nonimmigrant Status by contacting the **NLVPD Victim Witness Advocate at 702-633-1751.**

**NORTH LAS VEGAS CITY ATTORNEY'S OFFICE – VICTIM/WITNESS SERVICES:** Provides case status updates, information about victims' rights, court accompaniment, assistance to apply for Nevada Victims' of Crime Compensation, and referrals to other community services. Please contact the City Attorney's Office Victim/Witness Advocate at 702-633-2100 ext. 2545.

**CLARK COUNTY DISTRICT ATTORNEY VICTIM/WITNESS ASSISTANCE CENTER:** Provides Justice Court and District Court case information and addresses any concerns you may have regarding your appearance as a witness. When you receive a subpoena to appear in a Justice Court or District Court case, please contact the Victim Witness Assistance Center at 702-671-2525. If you change your address, please advise the detective assigned to the case or an advocate at the Victim Witness Assistance Center.

**ASSISTANCE OF VICTIMS OF SEXUAL ASSAULT**: Victims of sexual assault may be eligible for medical treatment and counseling under NRS 217.280. For information call the Clark County District Attorney's Office, Victim Services Center at 702-671-2525, or the Rape Crisis Center at 702-385-2153. **Note: Applications for this service must be received within 60 days of the commission of the crime.**

**COMPENSATION FOR VICTIMS OF VIOLENT CRIME:** Victims of violent crime may qualify for monetary compensation from the State of Nevada under NRS 217.010. For information or application, call the NLVPD Victim/Witness Advocate or the Nevada State Victims of Violent Crime Compensation Program at 702-486-2740. **Note: Applications for this service must be received within one year of the commission of the crime.**

**PROTECTION OF VICTIMS AND WITNESSES:** Victims/witnesses of crime are entitled to certain rights under NRS 178.569 (i.e. investigation of threats of harm, notice of releases of a defendant upon written request, a listing of property being held by a law enforcement agency, etc.). For information concerting these rights, you may contact the Victim Assistance Office at **702-633-1751 / 702-633-2412** (Spanish).

**OBLIGATIONS OF CITIZENS FILING MISDEMEANOR CRIME REPORT WITH NLVPD**
1.    It is imperative that you update your address and phone number if you move, regardless of the status of your case, by calling 702-633-2100.
2.    If a trial is necessary, you must be available to testify.
3.    The police report number appears at the top of this page. You must provide that number when you contact the City Attorney, District Attorney or the Detective assigned to your case.

**VICTIM'S INFORMATION GUIDE**    23062500 1280

Harass    OFFICER'S NAME  CSO Webb  ID# 2712    CASE NUMBER

document is important for you to keep since it will help you refer to your particular case number. If you need a copy of your police report, it can be
ned 72 HOURS AFTER filing the report, for a nominal fee, from the NLVPD Records Bureau. Call 702-633-1715 for assistance. **If you need to file
tional information about your case, you may contact the nearest NLVPD sub-station for guidance**. More information is available at
 cityofnorthlasvegas.com

This report will be forwarded to the City Attorney's Office to evaluate prosecutorial merit. To determine the status of your case, contact the City
Attorney's Office one week following the date of this report at 702-633-2100.
This case will be reviewed further by the Detective Bureau. If you have questions or additional information, call the Detective Bureau at 702-633-
773.

A continuing investigation would not be productive at this time due to lack of investigative leads. If additional information becomes available at a later
late, the department may assign an investigator. Despite the fact that this case will not be part of a continuing investigation, it will be part of our
ermanent records and will be reviewed automatically for crime analysis.

**ATTENTION: IT IS YOUR RESPONSIBILITY TO IMMEDIATELY NOTIFY THE NLVPD IF YOU SHOULD RECOVER YOUR
STOLEN VEHICLE YOURSELF**

llowing agencies provide services to victims of crime. If an agency is not listed, or you need additional information, please contact the **North Las
Police Department Victim/Witness Advocate 702-633-1751 / 702-633-2412** (Spanish).

| tic Violence Hotline/Emergency Protective Orders | 702-646-4981 | CPS/ Child and Abuse Hotline | 702-399-0081 |
| Co. Juvenile Court Services | 702-455-5200 | Elder Abuse Hotline | 702-486-6930 |
| al Suicide Prevention Hotline | 988 or 1-800-273-8255 | Nevada Child Seeker | 702-458-7009 |

Link: ( **Offenders Custody Status)** is a automated notification system. This a free and confidential service. For information or to register by phone
888-268-8463) or register online at **www.vinelink.com.** Notification is available when an inmate is released or transferred.

H LAS VEGAS POLICE DEPARTMENT VICTIM/WITNESS ADVOCATE: Provides crisis intervention, an assessment of the immediate
f crime victims, court accompaniment, initiates crime compensation claims paperwork, provides referrals to other agencies, and functions as a liaison
.VPD personnel and the community. For assistance, please call **NLVPD Victim Advocate at 702-633-1751 / 702-633-2412** (Spanish).

Foreign national victims of crimes who have suffered substantial mental or physical abuse and are willing to assist law enforcement and governmen
in the investigation or prosecution of the criminal activity may file a Form I-918, Petition for U Nonimmigrant Status by contacting the **NLVPD
Witness Advocate at 702-633-1751.**

LAS VEGAS CITY ATTORNEY'S OFFICE – VICTIM/WITNESS SERVICES: Provides case status updates, information about victims
ourt accompaniment, assistance to apply for Nevada Victims' of Crime Compensation, and referrals to other community services. Please contact th
rney's Office Victim/Witness Advocate at 702-633-2100 ext. 2545.

COUNTY DISTRICT ATTORNEY VICTIM/WITNESS ASSISTANCE CENTER: Provides Justice Court and District Court case informatio
esses any concerns you may have regarding your appearance as a witness. When you receive a subpoena to appear in a Justice Court or Distri
e, please contact the Victim Witness Assistance Center at 702-671-2525. If you change your address, please advise the detective assigned to th
advocate at the Victim Witness Assistance Center.

NCE OF VICTIMS OF SEXUAL ASSAULT: Victims of sexual assault may be eligible for medical treatment and counseling under NRS
For information call the Clark County District Attorney's Office. Victim Services Center at 702-671-2525, or the Rape Crisis Center at 702-385
te: Applications for this service must be received within 60 days of the commission of the crime.

SATION FOR VICTIMS OF VIOLENT CRIME: Victims of violent crime may qualify for monetary compensation from the State of Nevac
S 217.010. For information or application, call the NLVPD Victim/Witness Advocate or the Nevada State Victims of Violent
npensation Program at 702-486-2740. Note: Applications for this service must be received within one year of the commission of the crime.

TION OF VICTIMS AND WITNESSES: Victims/witnesses of crime are entitled to certain rights under NRS 178.569 (i.e. investigation
1arm, notice of releases of a defendant upon written request, a listing of property being held by a law enforcement agency, etc.). For informati
; these rights, you may contact the Victim Assistance Office at **702-633-1751 / 702-633-2412** (Spanish).

TIONS OF CITIZENS FILING MISDEMEANOR CRIME REPORT WITH NLVPD
t is imperative that you update your address and phone number if you move, regardless of the status of your case, by calling 702-633-2100.
f a trial is necessary, you must be available to testify.
he police report number appears at the top of this page. You must provide that number when you contact the City Attorney, District Attorney
ie Detective assigned to your case.

**NORTH LAS VEGAS POLICE DEPARTMENT**
**VICTIM'S INFORMATION GUIDE**

DISTURBANCE
OFFENSE

OFFICER'S NAME _M. MORENO_                ID# _2976_

CASE NUMBER 2405042003636

This document is important for you to keep since it will help you refer to your particular case number. If you need a copy of your police report, it can be obtained 72 HOURS AFTER filing the report, for a nominal fee, from the NLVPD Records Bureau. Call 702-633-1715 for assistance. **If you need to file additional information about your case, you may contact the nearest NLVPD sub-station for guidance.** More information is available at www.cityofnorthlasvegas.com.

☐  This report will be forwarded to the City Attorney's Office to evaluate prosecutorial merit. To determine the status of your case, contact the City Attorney's Office one week following the date of this report at 702-633-2100.

☐  This case will be reviewed further by the Detective Bureau. If you have questions or additional information, call the Detective Bureau at 702-633-1773.

☐  A continuing investigation would not be productive at this time due to lack of investigative leads. If additional information becomes available at a later date, the department may assign an investigator. Despite the fact that this case will not be part of a continuing investigation, it will be part of our permanent records and will be reviewed automatically for crime analysis.

**ATTENTION: IT IS YOUR RESPONSIBILITY TO IMMEDIATELY NOTIFY THE NLVPD IF YOU SHOULD RECOVER YOUR STOLEN VEHICLE YOURSELF**

The following agencies provide services to victims of crime. If an agency is not listed, or you need additional information, please contact the **North Las Vegas Police Department Victim/Witness Advocate 702-633-1751 / 702-633-2412 (Spanish).**

| | | | |
|---|---|---|---|
| Domestic Violence Hotline/Emergency Protective Orders | 702-646-4981 | CPS/ Child and Abuse Hotline | 702-399-0081 |
| Clark Co. Juvenile Court Services | 702-455-5200 | Elder Abuse Hotline | 702-486-6930 |
| National Suicide Prevention Hotline | 988 or 1-800-273-8255 | Nevada Child Seeker | 702-458-7009 |

**VINELink: ( Offenders Custody Status)** is a automated notification system. This is a free and confidential service. For information or to register by phone call (1-888-268-8463) or register online at www.vinelink.com. Notification is available when an inmate is released or transferred.

**NORTH LAS VEGAS POLICE DEPARTMENT VICTIM/WITNESS ADVOCATE:** Provides crisis intervention, an assessment of the immediate needs of crime victims, court accompaniment, initiates crime compensation claims paperwork, provides referrals to other agencies, and functions as a liaison with NLVPD personnel and the community. For assistance, please call **NLVPD Victim Advocate at 702-633-1751 / 702-633-2412 (Spanish).**

**UVISA:** Foreign national victims of crimes who have suffered substantial mental or physical abuse and are willing to assist law enforcement and government officials in the investigation or prosecution of the criminal activity may file a Form I-918, Petition for U Nonimmigrant Status by contacting the **NLVPD Victim Witness Advocate at 702-633-1751.**

**NORTH LAS VEGAS CITY ATTORNEY'S OFFICE – VICTIM/WITNESS SERVICES:** Provides case status updates, information about victims' rights, court accompaniment, assistance to apply for Nevada Victims' of Crime Compensation, and referrals to other community services. Please contact the City Attorney's Office Victim/Witness Advocate at 702-633-2100 ext. 2100.

**CLARK COUNTY DISTRICT ATTORNEY VICTIM/WITNESS ASSISTANCE CENTER:** Provides Justice Court and District Court case information and addresses any concerns you may have regarding your appearance as a witness. When you receive a subpoena to appear in a Justice Court or District Court case, please contact the Victim Witness Assistance Center at 702-671-2525. If you change your address, please advise the detective assigned to the case or an advocate at the Victim Witness Assistance Center.

**ASSISTANCE OF VICTIMS OF SEXUAL ASSAULT:** Victims of sexual assault may be eligible for medical treatment and counseling under NRS 217.280. For information call the Clark County District Attorney's Office. Victim Services Center at 702-671-2525, or the Rape Crisis Center at 702-385-3153. Note: Applications for this service must be received within 60 days of the commission of the crime.

**COMPENSATION FOR VICTIMS OF VIOLENT CRIME:** Victims of violent crime may qualify for monetary compensation from the State of Nevada under NRS 217.010. For information or application, call the NLVPD Victim/Witness Advocate or the Nevada State Victims of Violent Crime Compensation Program at 702-486-2740. Note: Applications for this service must be received within one year of the commission of the crime.

**PROTECTION OF VICTIMS AND WITNESSES:** Victims/witnesses of crime are entitled to certain rights under NRS 178.569 (i.e. investigation of threats of harm, notice of releases of a defendant upon written request, a listing of property being held by a law enforcement agency, etc.). For information concerning these rights, you may contact the Victim Assistance Office at **702-633-1751 / 702-633-2412 (Spanish).**

**OBLIGATIONS OF CITIZENS FILING MISDEMEANOR CRIME REPORT WITH NLVPD**

It is imperative that you update your address and phone number if you move, regardless of the status of your case, by calling 702-633-2100.

If a trial is necessary, you must be available to testify.

The police report number appears at the top of this page. You must provide that number when you contact the City Attorney, District Attorney or the Detective assigned to your case.

(95)(Rev. 8/22)

email: MorenoMe@cityofnorthlasvegas.com

# NORTH LAS VEGAS
# POLICE DEPARTMENT

☐ Apt. Notification
☐ Garage Door
☐ Curfew Notification
☐ Civil Standby

☑ Disturbance
☐ Drug Activity
☐ Domestic Violence
☐ Vandalism

☐ Theft
☐ Other

**Event #** 2210200000607

Address & Unit # 4425 + 4429 CITYSCAPE GLEN

☑ Settled at Scene   ☐ Warned   ☐ Cited   ☐ Arrested

NEIGHBOR DISPUTE REGARDING THEIR 4 CHILDREN PLAYING. TALKED REQUEST REMAIN CIVIL

# POLICE
# CONTACT CARD

Officer SINISI   **P#** 7779

**Date** 10/10/22   **Time** 7213

Distribution:   White-substation and cardstock-citizen

# City of North Las Vegas Police Department

**1**

Case No: 2405140009366
Report No: 2405140009366-001
Report Date: 5/14/2024 11:22:20 AM

Page 1 of 3

## Administrative

| Subject | HARASS |
|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| Case Report Status | | Entered By | NL2969 - MIDDLEBROOK, CONNER | | | |
| | | Date Reported | 5/14/2024 11:22:20 AM | | | |
| Occurred On | 10/20/2022 12:00:00 AM | Date Verified (Legacy Cases) | | | | |
| (and) Occurred Between | 5/14/2024 12:00:00 AM | | | | | |
| Location Address | 4433 Cityscape Glen Ct | Verified By (Legacy Cases) | | | Reporting Officer | MIDDLEBROOK, CONNER |
| Location Name | LOBBY | | | | | |
| Jurisdiction | North | Date Approved (Legacy Cases) | | | | |
| Grid (Beat) | NE9 - EDWARD 9 | Approved By (Legacy Cases) | | | Assisted By | |
| Sector | E | | | | | |
| Connecting Cases | | Clearance Basis | | | | |
| | | Date of Clearance | | | | |
| Report Type | Information - Only | Disposition | Active | | | |

Date Entered   **5/14/2024 11:24:48 AM**

## Offense Detail Harassment (incl. harrassing phone calls), (1st) - 200.571.2A

| | | | |
|---|---|---|---|
| Offense Description | Harassment (incl. harrassing phone calls), (1st) - 200.571.2A | Location | Residence/Home |
| Charge Type | M | Hate/Bias | None (No Bias) |
| Crime Against | Person, Property, Society | Domestic Violence | |
| UCR Hierarchy | 26 | Fraud Related | N - No |
| Using | Not Applicable | Cargo Theft | |
| Tools Used | | Gang | N - No |
| Criminal Activity | | Entry Method | |
| Weapons | | | |

## Offenders

## Arrestee

## Victims

### Victim/Entity Name: Lynch, Ossiris Dizon

| | | | | | |
|---|---|---|---|---|---|
| Victim Type | Individual | Victim of | | NL50328 - Harassment (incl. harrassing phone calls), (1st) - 200.571.2A | |
| Name | Lynch, Ossiris Dizon | Place of Birth | Angels cities, Philipines | SSN | ▓▓▓▓ |
| DOB | 3/25/1979 | Age | 43 | DLN | ▓▓▓▓ |
| Elderly Abuse | | Sex | Male | DLN State | Nevada |
| Injuries | | Race | Black or African American | Occupation/Grade | |
| Injury Weapons | | Ethnicity | U - Unknown | Employer/School | |
| Domestic Violence | N - No | Height | 5' 11" | Employer Address | |
| | | Weight | 215 | Employer CSZ | |
| | | Eye Color | Brown | Resident | Resident |
| | | Hair Color | Bald | | |
| | | Facial Hair | Goatee Only | | |
| | | Complexion | Medium Brown | | |
| | | Build | | Testify | |

**Domestic Violence**

## City of North Las Vegas Police Department

**3**

Case No: 2405140009366
Report No: 2405140009366-001
Report Date: 5/14/2024 11:22:20 AM

Page 3 of 3

## Narrative

On May 14th of 2024, at about 1045 hours, I, CPC Middlebrook P#2969, was working the South Area Command Lobby at 2266 Civic Center Drive when a white male adult later identified verbally as Ossiris Lynch, who resides at 4433 Cityscape Glen Court in North Las Vegas, came in to report harassment. Ossiris told me the following:

Since October 20th of 2022, Ossiris stated that he's been having instances of harassment with ████████, who is the Vice President of the Granbury HOA Board. Ossiris stated ███ was served with a cease and desist notice on November 7th of 2023, and she has continued to harass Ossiris on social media and using HOA violations that do not make any sense.

Ossiris stated his last conversation with ███ was about an argument between ███ and her husband, ███, the board president. Ossiris stated the police were called out and ███ admitted to running criminal background checks on the residents and that determines how ███ and ███ treat others as homeowners, including Ossiris.

I asked Ossiris if he went to any Neighbor Dispute Centers like the NLV Mediation Services and he stated they let him know they only deal with Nevada Administrative Codes and he has to go through the police department for the NRS violations first.

I asked Ossiris if there were any other case numbers that he could provide me that are relevant to this incident and he gave me: Event# 22102000000664, Case# 2306070011526, and Case# 2306250012800.

Ossiris provided me with a written statement to the North Las Vegas Police Department for this regarding ███.

Ossiris filled out a Voluntary Statement.

This report is for informational purposes only.

Attachments: Voluntary Statement, written statement.

UNLAWFUL DISSEMINATION of this restricted information is PROHIBITED. Violation will subject the offender to Criminal and Civil Liability.

Rel. for: _Lynch, Ossiris_
Date: _6/21/22_
North Las Vegas Police Department
By: _____

THIS RECORD HAS BEEN REDACTED PURSUANT TO NRS 239B.030 / 603A.040 PERSON INFORMATION

# EXHIBIT COVER PAGE

## Exhibit E

Request form and service calls to Valley Vista (4/4/24-6/4/24). Dan only involved in Easton call

*Submitted by Plaintiff*

*District Court - Clark County, Nevada*

## North Las Vegas Police Department
### Request form

Date of Request: 11·25·24                Date Required_____

**Please check one:**

□ Report (Fees Vary)            □ Photo CD $10.00            □ Radio Ticket $5.00

□ 911 Call $10.00                ☑ Archived Reports $40.00 Non-Refundable Research Fee

Name of Requestor: Ossiris Lynch
Mailing Address: 4435 Cityscape Glen court. NLv, NV. 89084
Phone Number: (702) 972 7099

## Please complete as much of the following information as possible:

Date of Occurrence: 4·4·24/6·4·24 Case Number:_____
Location of Occurrence: Valley Vista Community
Involved Parties: Daniel Brandnyel

Reason for Request: I have a discrimination claim against Daniel Brandlny, President of my HOA in the Valley Vista community I am asking for the calls of service in my community from April 4th to June 4th, 2024.

I understand I may NOT receive all information requested in accordance with NRS 179.A and there MAY be additional fees. Requests not picked up within 30 days will be destroyed and the fees will NOT be refunded.

Signature of Requestor: _____

---

Office Use Only:
Accepting Clerk: K62852    ☑ Approved    □ Denied  Date:_____

Completion Date: 12·10·24        Notified By: K62852 @ 1630

Amount Due: Already Paid

NORTH LAS VEGAS POLICE DEPARTMENT
SERVICE CALLS TO VALLEY VISTA COMMUNITY
OUTLOOK VISTA AVE. TO THE NORTH, CONTOUR BEND AVE. TO THE SOUTH, SAYONARA VISTA ST. TO THE EAST, AND RANGE VALLEY ST. TO THE WEST
04/04/24 - 06/04/24

| DATE | CALL CODE | DESCRIPTION | DISPOSITION | ADDRESS |
|---|---|---|---|---|
| 2024-06-04 13:19:51 | 439 | SPECIAL DETAIL/OUT OF SERVICE | CHECKS OK, CHECKS OK | 7082 SAYONARA VISTA ST |
| 2024-05-30 13:38:25 | 417 | FAMILY DISTURBANCE | COMPLETE, COMPLETE | 4364 COUNTRYSIDE GLEN CT |
| 2024-05-25 17:36:07 | 404 | UNKNOWN TROUBLE | CHECKS OK | 4365 PANORAMIC VIEW AVE |
| 2024-05-25 11:03:01 | 404C | 911 DISCONNECT FROM CELL PHONE | COMMUNICATION HANDLED | APPROX LOC:4434 OUTLOOK VISTA AVE |
| 2024-05-20 16:55:29 | 439 | SPECIAL DETAIL/OUT OF SERVICE | CANCELLED | 7081 N RANGE VALLEY ST |
| 2024-05-18 23:16:53 | 417 | FAMILY DISTURBANCE | SETTLED/RESOLVED, SETTLED/RESOLVED | 7089 RANGE VALLEY ST |
| 2024-05-18 03:25:33 | 417 | FAMILY DISTURBANCE | ARREST | 4352 LATITUDE VALLEY CT |
| 2024-05-13 22:00:11 | 430C | ANIMAL COMPLAINT | CANCELLED, WARNED | 7063 SAYONARA VISTA ST |
| 2024-05-12 19:06:11 | 417 | FAMILY DISTURBANCE | SETTLED/RESOLVED | 7145 RANGE VALLEY ST |
| 2024-05-12 18:58:53 | 404C | 911 DISCONNECT FROM CELL PHONE | COMMUNICATION HANDLED | APPROX LOC:7147 RANGE VALLEY ST |
| 2024-05-12 18:19:15 | 404C | 911 DISCONNECT FROM CELL PHONE | COMMUNICATION HANDLED | APPROX LOC:7145 RANGE VALLEY ST |
| 2024-05-12 18:08:55 | 416A | DISTURBANCE | SETTLED/RESOLVED | 7145 RANGE VALLEY ST |
| 2024-05-06 14:09:41 | 417 | FAMILY DISTURBANCE | GONE ON ARRIVAL | 4364 COUNTRYSIDE GLEN CT |
| 2024-05-04 07:49:02 | 416A | DISTURBANCE | REPORT TAKEN | 4429 CITYSCAPE GLEN CT W |
| 2024-04-27 02:16:23 | 416A | DISTURBANCE | COMPLETE | MURAL GLEN CT / RANGE VALLEY ST |
| 2024-04-23 19:31:36 | 417 | FAMILY DISTURBANCE | SETTLED/RESOLVED, COMPLETE | 4373 PANORAMIC VIEW AVE |
| 2024-04-21 18:50:24 | 416A | DISTURBANCE | SETTLED/RESOLVED, SETTLED/RESOLVED | 4372 LATITUDE VALLEY CT |
| 2024-04-20 01:20:48 | 406A | BURGLARY ALARM | CANCELLED | 7058 SAYONARA VISTA ST |
| 2024-04-16 01:26:19 | 425 | SUSPICIOUS SITUATION | COMPLETE, CHECKS OK, CHECKS OK | 4367 COUNTRYSIDE GLEN CT |
| 2024-04-13 18:42:09 | 416A | DISTURBANCE | CHECKS OK, CHECKS OK, CHECKS OK, SETTLED/RESOLVED | OUTLOOK VISTA AVE / SAYONARA VISTA ST |

*Source: CAD_P1; community generated service calls, priority <6, excluding assists. The results only include incidents that were geocoded.*

UNLAWFUL DISSEMINATION of this restricted
information is PROHIBITED Violation will subject
the offender to Criminal and Civil Liability

Rel. for: OSSINS Lynch
Date: 12.10.24
North Las Vegas Police Department
By: 23065

# EXHIBIT COVER PAGE

## Exhibit F

Body-cam video showing Dan abusing authority

*Submitted by Plaintiff*

*District Court - Clark County, Nevada*

# EXHIBIT COVER PAGE

## Exhibit G

Invoice showing Dan and Amy ran a background check using HOA funds

*Submitted by Plaintiff*

*District Court - Clark County, Nevada*

**LKG, LTD.**

2525 Box Canyon Drive
Las Vegas, NV 89128
Phone: (702) 538-9074
Facsimile: (702) 538-9113

Federal Tax I.D. 26-0150627          **INVOICE**
01/31/2024

|  |  |
|---|---|
| Client/Matter No.  2705-001 | Granbury at Valley Vista Homeowners Associa |
| Invoice No.       64xxpiz | c/o FirstService Residentia |
|  | 8290 Arville Street |
|  | Las Vegas, NV  89139 |

RE:   Lynch, Ossiris/Rankin, Kengel

Email Invoices to:  AccountsPayableNV@managementtrust.com

### Fees

| Date | TK | Description | Rate | Hours | |
|---|---|---|---|---|---|
| 01/03/2024 | JL | Revise letter to owner; exchange messages with management regarding same | 375.00 | 0.30 | 112.50 |
| 01/04/2024 | MC | Prepare regular and certified mailing to owner regarding response letter; prepare email to manager regarding same | 165.00 | 0.10 | 16.50 |
|  | JL | Finalize letter to owner | 375.00 | 0.10 | 37.50 |
| 01/11/2024 | JL | Review message from board regarding threats from residents; conference with Mr. Reed regarding proposed course of action; telephone conference with Mr. Brandmeyer regarding analysis and proposed course of action; review message from board regarding contacting witness; conference with Mr. Reed regarding same | 375.00 | 0.60 | 225.00 |
|  | RR | Meeting with Mr. Leach regarding case and Rankin background; receive and review emails and file regarding same; phone call with Linda Buckingham, phone call with board regarding same (1.5) | 355.00 | 1.50 | 532.50 |
| 01/25/2024 | JL | Exchange messages with management regarding TPO option; conference with Mr. Reed regarding subpoena power; telephone conference with management regarding same | 375.00 | 0.50 | 187.50 |
|  |  | For Current Services Rendered |  | 3.10 | 1,111.50 |

#### Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| John Leach | 1.50 | $375.00 | $562.50 |
| Merlin Calimpong | 0.10 | 165.00 | 16.50 |
| Ryan Reed | 1.50 | 355.00 | 532.50 |

|  |  |
|---|---|
| Granbury at Valley Vista Homeowners Associ | Statement Date:  01/31/2024 |
|  | Statement No.        640392 |
|  | Account No.      2705.001 |

### Advances

| Date | Description | Amount |
|---|---|---|
| 01/04/2024 | Photocopy charges-Black & White | 2.20 |
| 01/04/2024 | Scan Copy | 1.00 |
| 01/04/2024 | Postage | 0.63 |
| 01/04/2024 | Postage - Certified | 7.18 |
| 01/04/2024 | Certified Mailer Cost | 0.34 |
|  | Total Advances | 11.35 |
|  | Total Current Work | 1,122.85 |
|  | Previous Balance | $306.00 |
|  | **Balance Due** | $1,428.85 |

#### Aged Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 1,122.85 | 306.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Please Remit                                        $1,428.85

# EXHIBIT COVER PAGE

## Exhibit H

Facebook post by Amy doxing my criminal background in retaliation

*Submitted by Plaintiff*

*District Court - Clark County, Nevada*

10:28 S S S ⏻ ⏻ ⏻    ⏻ ⏻ ⏻ 📶 40% 🔋

← 🚀 **The Grand Flying Elks**    🔍    •••

**Anonymous member**    •••
3h 😊

I debated on posting but I'm anonymous and thats the only reason why I am as I do not want to be a target.
There's a gentleman going door to door in our community with a piece of paper petitioning to get Daniel off the board. There are a couple of things that are concerning as a homeowner.

First, this man Ossiris, is a convicted felon (see picture). All you do is search his name in google.
https://www.insideprison.com/state-inmate-search.asp?lnam=lynch&fnam=ossiris%20dizon&county=&st_abb=NV&id=2025844274
It's Concerning that this man is going around our neighborhood with his background. Have you seen the videos of him?
Secondly, there is no evidence of his allegations. Where's the solid facts? I have viewed the financials and Daniel isn't stealing money. His name is not on there.
Third, he is not even a homeowner! How can someone like him start a petition of false allegations who doesn't even own his home.

It baffles me that this is taken place in our neighborhood. If you know Daniel he would never steal money! I have spoken to Daniel about what is being said and I believe it's all lies.

Plus, how did Ossiris' girlfriend get on the board? She is helping him and causing a lot of tension between homeowners that is unnecessary and a



Plus, how did Ossiris' girlfriend get on the board? She is helping him and causing a lot of tension between homeowners that is unnecessary and a waste of time.

And has anyone seen their Facebook group? It seems they cleaned up most of the negative posts and comments, but it is being used to bash Daniel. It's all garbage.

Does anyone else see this as a problem? How can we all come together to stop this nonsense. I don't want my neighborhood to turn into trash or ghetto. I pay for the HOA to keep our neighborhood up to par and my home value.

Download

Demograp

Up to date as of 2023-10-16

**Identificati**



| Name | Offender ID | Gender | Ethnic | Age | Height | Weight | Bu |
|------|-------------|--------|--------|-----|--------|--------|-----|
| OSSIRIS DIXON LYNCH | 1137699 | Male | ASIAN | 44 | 6 0 | 204lb | |

**Booking I**

| Offense Code | Offense Description | Sent. Status | Sent. Min | Sent. Max | S |
|--------------|---------------------|--------------|-----------|-----------|---|
| 9752 | ATT BATTERY W/DGW & BAH | Inactive | 0 yr. 39 Mo. 0 days | 0 yr. 96 Mo. 0 days | |

Inmate Photo



**Parole Hearin**



| Offender Book ID | Parole Hearing |
|------------------|----------------|
| 1670.9 | 2018-02-22 |

# EXHIBIT COVER PAGE

## Exhibit I

Second post on 7/19/24 where Amy admits posting the record

*Submitted by Plaintiff*

*District Court - Clark County, Nevada*

8:11 🌙

◀ Messenger



**The Grand Flying Elks**
Amy Easton · Jul 19, 2024 · 👥

•••

It's been brought to my attention that a resident is spreading false accusations against Dan and Michelle that they are racist. I can tell you that this is completely false and untrue. Michelle is being blamed for the anonymous post about resident, Ossiris. I can confirm that was not her nor did she approve it, because she was not an admin on this page at the time. I was the one who approved the post. You can blame me for that. The truth needed to be revealed about Ossiris. They are the ONE house hold that has started all this mess in our community. If you know Michelle and Dan they are by far not the racist people I have ever met! They love you for who you are. She babysits a little black boy for his black mama and they reside in VV. So make it make sense! They want Dan out because truth be told they don't want to follow the CC&RS and I believe they will do away with enforcing if they get Dan off the board. Dan is trying his best to ensure our community keeps its value and our money to FSR is not being wasted. And this is why we need him on the board. Please don't sit back or be scared to get involved, drop off or mail in your ballot before July 31st at noon. That's all! Thanks for reading.

👍 Like          💬 Comment          📞 Send          ↪ Share

👍 4

# EXHIBIT COVER PAGE

## Exhibit J

Post of my son Kingston on Amy's Facebook page

*Submitted by Plaintiff*

*District Court - Clark County, Nevada*



9:07

Granbury Estates - ...

**Anonymous member**

Apr 18 ·

Parents are you aware of what your kids are doing? Pls be mindful and respectful of your neighbors and their property. My car is usually in the spot where they threw the bik... See more



5                                    1 comment

Like              Comment              Send

**Tamura Azim**
Yes please be mindful of
Our property;)

Like    Reply

# EXHIBIT COVER PAGE

## Exhibit K

Text from Michelle Brandmyer confirming Amy posted the record

*Submitted by Plaintiff*

*District Court - Clark County, Nevada*



# EXHIBIT COVER PAGE

## Exhibit L

Witness statements: Linda Buckingham, Lisa Bertolli, Brandon Davenport

*Submitted by Plaintiff*

*District Court - Clark County, Nevada*

April 8, 2025

Linda Buckingham

4453 Outlook Vista Ave

North Las Vegas, NV 89084

## Witness Statement for Ossiris Lynch Regarding Harassment by Amy Easton

I, Linda Buckingham, am writing this statement as a witness to the ongoing harassment and bullying that my neighbors, Ossiris Lynch and his wife, Kengel, have endured at the hands of Amy Easton and her husband, Rashad Easton, since early 2022.

I have personally witnessed Amy's continuous efforts to harass and intimidate Ossiris and Kengel, starting in early 2022 when Amy began posting private information about them on social media, specifically Facebook. Amy posted a picture of their minor child without consent and included personal information about Ossiris, including his background. These actions were not only deeply invasive but also caused distress for their family, and this harassment continued for months.

Amy used the neighborhood Facebook page as a platform to share these posts, which included private and personal details about Ossiris and his family. This led to a significant amount of division within our community, as many neighbors became aware of these posts and began to view Ossiris and Kengel negatively, even though they had done nothing to deserve this treatment. The Eastons, particularly Amy, made it clear that they were attempting to demonize Ossiris and Kengel, using their personal lives as ammunition to turn the neighborhood against them. In fact on **July19, 2024** Amy admitted in a Facebook post that she approved an "Anonymus" post and wrote the reason she did it, "the truth needs to be revealed about Ossiris."

As a result of Amy's posts, several neighbors, influenced by her actions, began bullying Ossiris and Kengel. The harassment escalated as more people became involved, and Ossiris and Kengel found themselves not only dealing with the actions of Amy and her husband but also the toxic behavior of other neighbors who had been manipulated by Amy's smear campaign.

Amy has shown a consistent pattern of bullying behavior within the Granbury neighborhood. Her actions are not isolated incidents but rather part of a larger campaign to stir division and cause unnecessary conflict among the residents. I have personally observed how Amy has targeted other neighbors in similar ways, using social media and her position within the community to exert control, spread negativity, and provoke confrontation.

Despite multiple attempts by Ossiris and Kengel to address the situation and request that Amy cease posting private information about them, she has persisted. This ongoing harassment has caused significant emotional distress to their family and has made them feel unsafe in their own home.

Amy's behavior has not improved over time. She continues to instigate division and cause harm within the Granbury neighborhood, and as a witness to this behavior, I strongly believe that her actions are intended to create division and foster a hostile environment for those she targets.

I hope that this statement serves to shed light on the harmful and ongoing harassment that Ossiris and Kengel have been subjected to due to Amy Easton's actions.

Linda Buckingham

May 15, 2024

I am writing this letter on behalf of Kengel Rankin and Ossiris Lynch who are my neighbors in the Granbury neighborhood. Granbury is a new neighborhood in North Las Vegas and the build was completed in 2023. Although we all purchased our homes in 2021 I didn't meet Kengel in Ossiris until 2023 when they knocked on my door asking me to sign their petition for a special election to remove Amy Easton from the HOA Board. Prior to them coming to my door I had seen the Facebook post of their minor child on Amy's official Facebook page. I had also seen other posts against other homeowners in our community that was starting to cause back and forth accusations within our community. Many of the homeowners, including Kengel and Ossiris requested that the photos of their home, their children and videos be removed. This led to all of them being kicked off the page. All of this took place between January 2023 and June of 2023. The special election took place in July of 2023 but failed to remove Amy from the Board. In late July or earlier August 2 more Board seats came up for election. I ran for one of the Board seats along with Daniel Brandmeyer and since no one else was running we were both placed on the Board. Once I was on the Board I got a message on Facebook from Ossiris congratulating me and asking a question about parking. He had seen a vehicle driving slow in front of his home and someone had gone out to mark the street near the tires of his vehicle that was parked in front of his house. A few weeks later I got another message asking me if I had seen Amy's Facebook page and I said no. I went to the page and saw that Amy had posted videos and pictures of Ossiris and she had given her account on how the discourse between the two neighbors had begun. I asked her to remove the post and that did not go well. Dan sided with Amy from the beginning but fortunately he was able to get her to remove the post. The management company, The Management Trust, also got involved and Amy was forced to rename her Facebook page and it was agreed that the page would no longer be associated with the HOA or Granbury. In October 2023 I orchestrated a meeting between Ossiris, Daniel and myself to see if we could mediate a truce between the two neighbors but it did not go well because Daniel was not willing to hear Ossiris side. In fact Daniel told Ossiris that he had already looked him up and knew his background story. From that point on this feud has been growing and Kengel & Ossiris have been getting issued violations on their home from the HOA. I was not a witness to the most recent incident, but I do know that Kengel & Ossiris have been aggressively agitated and pushed to a "breaking point". All they have asked to be left alone and for their photos to stop being posted. This past Friday Amy posted their photos and videos on the Master HOA Facebook page and now it is not just Grandbury but the entire Master Community which has 11 sub associations.

Sincerely,

*Linda Buckingham*

Linda Buckingham

To Whom It May Concern:

On the morning of May 4th, 2024 I emerged from my residence on cityscape gen ct in North Las Vegas and noticed what appeared to be a verbal altercation between two of my neighbors. I recognized one of them to be Ossiris Lynch, the other I know only as Rashad but the two are side by side neighbors. From what I observed the altercation seemed to stem from a series of groundless and somewhat petty HOA violations given out by Rashad's wife Amy, who currently serves on the HOA's board.  It is my opinion that these violations were motivated by Amy's personal feelings toward her neighbors, and not actual violations of the governing laws of the neighborhood. Ossiris mentioned he had received several of these violations. Others in the area have mentioned receiving similar groundless violations, including myself stemming back from the last two years. I did not witness the altercation become physical, however I noticed later that North Las Vegas police had arrived on scene which to me was needless and unnecessary.

Brandon Davenport-Gray

I, Lisa Bertoli, am writing this voluntary statement, of my own free will, as to what I witnessed on the morning of May 4th, 2024.

At about 0740am I was at my home, 4428 Cityscape Glen Ct, and was taking some recycling boxes into my garage. When I stepped into my garage I heard loud arguing just outside. I went outside to see what was going on and saw my neighbors, Rashad and Ossiris, arguing in front of Rashad's front porch. I asked if everything was okay, and Amy, Rashad's wife, asked me to stay outside. Amy was on the phone and standing in the driveway of their house. Amy and Rashad live across the street from me at 4429 Cityscape Glen Ct and Ossiris lives next door to Amy and Rashad at 4433 Cityscape Glen Ct. Rashad and Ossiris were arguing loudly for about 5 minutes or so. Neither man touched, pushed or physically did anything to each other. Amy told me she had called the police and called for the community HOA president to come over. Amy is on the HOA board for our community and Rashad is on the HOA board for the Valley Vista area of communities. The argument didn't seem to be getting resolved, Rashad yelling, 'What the fuck are you talking about? She didn't fucking do that. Come talk to me like a man!' Ossiris was yelling, 'She's taking pictures of my back yard, my kids and questioning my kids!' They were just yelling over each other. Ossiris said, 'I will drop you' as he was walking away. Rashad kept yelling after Ossiris as Ossiris was walking to his car. Ossiris got into his car in his driveway and drove away.

The HOA president Daniel Brandmeyer and his wife Michelle arrived at Amy and Rashad's house. Amy and Rashad were telling them what had just happened. Amy told me that this has been an ongoing dispute since 2021. It started because Amy had questioned one of Ossiris's sons about another child that had tried to go into Amy's back yard to get a ball.

Three North Las Vegas Police Officers arrived at Amy and Rashad's house. As Amy and Rashad are telling the Officers what had just happened, Daniel tells one of the Officers that Ossiris has already been trespassed from Amy and Rashad's residence by the HOA attorney. Daniel also tells the Officers that Ossiris should be charged with 3 other HOA infractions and a restraining order should be in place. Daniel told the Officers that they were looking into the HOA attorney to get the restraining order. The Officers informed Daniel that the HOA attorney didn't need to be involved, that it was a dispute between the two neighbors.

Amy tells the Officers that they have videos of everything from their cameras and the Officers ask to see them. Amy looks at Michelle and Michelle says, 'I have them right here' and Michelle pulls up videos on her phone of Amy and Rashad's property.

As 2 of the Officers were looking at Michelle's phone, Daniel says to me, 'I would rather be working on community stuff like getting the sidewalks repaired and the parking situation instead of this.' Daniel then tells the Officers that Ossiris is a convicted felon, and they want the restraining order because Amy and Rashad don't feel safe. Daniel and Michelle then tell the Officers about Ossiris and his wife's marital status, background information and again says that Ossiris was a felon. One of the Officers and I looked at each other with a questioning expression. I was thinking why does the HOA president know so much information about our neighbors? Daniel saw my expression and said, 'Well, we want to know who our neighbors are. We check their backgrounds and do searches. It's all public record.'



I filled out a voluntary statement with the North Las Vegas Police about what I saw and went back to my house.

I felt a little uneasy with how Daniel, who is just our communities HOA president, searches for information on the residents of our community and then shares it so openly with other people in our community. I feel like Daniel may be personally attacking Ossiris based on his past. I also wonder how many other people in our community have experienced this type of interaction.

On about May 9th, 2024, Amy posted the videos from May 4th and previous videos involving Ossiris with an explanation of how she feels she is being targeted. Amy posted this on our HOA communities Facebook page, The Grand Flying Elks. I expect members from our HOA board to be neutral and solve our community problems without getting so involved in our neighbors' personal disputes. When multiple members of the HOA get together against one resident it appears as though they are provoking or targeting that resident. It definitely should not be posted publicly on social media by a member of the HOA.

Today's date is May 13th, 2024.

End of voluntary statement.

Lisa Bertoli
4428 Cityscape Glen Ct.
North Las Vegas, Nv. 89084
702-328-7803

# EXHIBIT COVER PAGE

## Exhibit M

Receipts and billing statements documenting legal fees incurred by Plaintiff Ossiris Lynch, totaling $26,968.62 to date. These fees were incurred in response to targeted legal actions by the HOA and its counsel, as well as in pursuit of formal remedies through NRED, HUD, and the District Court.

Submitted by Plaintiff
District Court – Clark County, Nevada



---

## Payment submitted for bills 202054062 and 202054063

---

**Black & Wadhams (via Clio Notifications)**
<notifications@clio.com>
Reply-To: office.admin@blackwadhams.law
To: ossirislynch1@gmail.com

Wed, Sep 3, 2025 at 9:06
PM

Confirmation #40H31R3M

## Payment to Black & Wadhams

A payment was submitted to Black & Wadhams. It will be reflected in
your bank account within 1-2 business days.

| | |
|---|---|
| **Name** | Ossiris Lynch |
| **Description** | Clio Payment applied to client balance for Ossiris Lynch |
| **Date** | Sep 03, 2025 09:06pm PDT |

**MasterCard ending in 6375**
Ossirislynch - ossirislynch1@gmail.com

| | |
|---|---|
| **Bill 202054062** | $205.70 |
| **Bill 202054063** | $1,370.14 |
| **Total payment** | **$1,575.84** |

This payment method is authorized to be stored securely for future use

 Gmail

---

## Payment submitted for bills 202052613 and 202052614

---

**Black & Wadhams (via Clio Notifications)**
<notifications@clio.com>
Reply-To: office.admin@blackwadhams.law
To: ossirislynch1@gmail.com

Wed, Aug 13, 2025 at 8:41 AM

Confirmation #3XSVYMLU

## Payment to Black & Wadhams

A payment was submitted to Black & Wadhams. It will be reflected in your bank account within 1-2 business days.

| | |
|---|---|
| **Name** | Ossiris Lynch |
| **Description** | Clio Payment applied to client balance for Ossiris Lynch |
| **Date** | Aug 13, 2025 08:40am PDT |

**MasterCard ending in 6375**
Ossiris Lynch - ossirislynch1@gmail.com

| | |
|---|---|
| **Bill 202052613** | $80.10 |
| **Bill 202052614** | $1,434.00 |
| **Total payment** | **$1,514.10** |

Transactions will appear on your statement as a payment to **B & W**

 Gmail

## Payment submitted for bills 202051208 and 202051647

**Black & Wadhams (via Clio Notifications)** <notifications@clio.com> Tue, Jul 8, 2025 at 12:05 AM
Reply-To: office.admin@blackwadhams.law
To: ossirislynch1@gmail.com

Confirmation #3TE6VZ36

# Payment to Black & Wadhams

A payment was submitted to Black & Wadhams. It will be reflected in your bank account within 1-2 business days.

| | |
|---|---|
| **Name** | Ossiris Lynch |
| **Description** | Clio Payment applied to client balance for Ossiris Lynch |
| **Date** | Jul 08, 2025 12:05am PDT |

 **MasterCard ending in 6375**
Ossiris Lynch - ossirislynch1@gmail.com

| | |
|---|---|
| **Bill 202051208** | $1,283.71 |
| **Bill 202051647** | $6,009.42 |
| **Total payment** | **$7,293.13** |

This payment method is authorized to be stored securely for future use

 Gmail

---

## Payment submitted for bills 202048693 and 202048694

---

**Black & Wadhams (via Clio Notifications)** <notifications@clio.com> Tue, Jun 3, 2025 at 6:55 PM
Reply-To: office.admin@blackwadhams.law
To: ossirislynch1@gmail.com

Confirmation #3PFLDIOI

## Payment to Black & Wadhams

A payment was submitted to Black & Wadhams. It will be reflected in
your bank account within 1-2 business days.

| | |
|---|---|
| **Name** | Ossiris Lynch |
| **Description** | Clio Payment applied to client balance for Ossiris Lynch |
| **Date** | Jun 03, 2025 06:55pm PDT |

 **Visa ending in 4895**
Ossiris Lynch - ossirislynch1@gmail.com

| | |
|---|---|
| Bill 202048693 | $1,115.64 |
| Bill 202048694 | $3,728.67 |
| **Total payment** | **$4,844.31** |

This payment method is authorized to be stored securely for future use



---

## Payment submitted for bills 202046850 and 202046851

---

**Black & Wadhams (via Clio Notifications)**
<notifications@clio.com>
Reply-To: office.admin@blackwadhams.law
To: ossirislynch1@gmail.com

Thu, May 8, 2025 at 2:57 PM

Confirmation #3MH9K9RU

## Payment to Black & Wadhams

A payment was submitted to Black & Wadhams. It will be reflected in your bank account within 1-2 business days.

| | |
|---|---|
| **Name** | Ossiris Lynch |
| **Description** | Clio Payment applied to client balance for Ossiris Lynch |
| **Date** | May 08, 2025, 02:57 PM PDT |

**VISA** **Visa ending in 4895**
Ossiris Lynch - ossirislynch1@gmail.com

| | |
|---|---|
| **Bill 202046850** | $1,215.00 |
| **Bill 202046851** | $425.00 |
| **Total payment** | **$1,640.00** |

This payment method is authorized to be stored securely for future use



**US bank.**   KING TAURUS MANAGEMENT LLC
4433 CITYSCAPE GLEN CT
N LAS VEGAS NV 89084-4400

**Business Statement**
Account Number:
1 537 5833 2321
Statement Period:
Apr 1, 2025
through
Apr 30, 2025

Page 4 of 8

## SILVER BUSINESS CHECKING                                  (CONTINUED)
U.S. Bank National Association                        Account Number 1-537-5833-2321

### Other Deposits (continued)

| Date | Description of Transaction | | Ref Number | Amount |
|------|------|------|------|------|
| Apr 25 | Zelle Instant | PMT From WILLIAM SALINAS | | 70.00 |
| | On 04/25/25 | PMT ID=WFCT0YRFPPJV | | |
| Apr 28 | Zelle Instant | PMT From JASMINDA HORNE | | 30.00 |
| | On 04/26/25 | PMT ID=WFCT0YRHH5VK | | |
| Apr 28 | Electronic Deposit | From Square Inc | | 38.81 |
| | REF=251180140476020N00SD | 9424300002SQ250428  T3SZTT7NSQNZ6DY | | |
| Apr 28 | Zelle Instant | PMT From SUNIL CHEMMANOOR | | 50.00 |
| | On 04/26/25 | PMT ID=BACa17v7u793 | | |
| Apr 28 | Electronic Deposit | From Square Inc | | 106.84 |
| | REF=251180140476260N00SD | 9424300002SQ250428  T3HX4WEAQV12C4A | | |
| Apr 29 | Zelle Instant | PMT From DARIUS BROWN | | 70.00 |
| | On 04/29/25 | PMT ID=WFCT0YRRXYNP | | |
| Apr 29 | Electronic Deposit | From Amazon.com Servi | | 92.24 |
| | REF=251150083746020N00 | 9000027358PAYMENTS  TLR002830618332 | | |
| Apr 30 | Zelle Instant | PMT From FRANCISCO GOTLADERA | | 35.00 |
| | On 04/30/25 | PMT ID=WFCT0YRVSPV4 | | |
| Apr 30 | Zelle Instant | PMT From Jerrell Parrish | | 40.00 |
| | On 04/30/25 | PMT ID=0PE0MBA1G6XG | | |

|  |  | Total Other Deposits | $ | 6,408.93 |
|---|---|---|---|---|

### Card Withdrawals
Card Number: xxxx-xxxx-xxxx-4895

| Date | Description of Transaction | | Ref Number | Amount |
|------|------|------|------|------|
| Apr 1 | Debit Purchase - VISA | On 033125 LAS VEGAS NV | 1178586413 | $  24.33- |
| | CHEESECAKE N LAS | REF # 2494300509117858641 3695 | | |
| | ***********4895 | | | |
| Apr 1 | Debit Purchase - VISA | On 033125 LAS VEGAS NV | 0027015693 | 33.08- |
| | MOM AND POPS CLE | REF # 2455193509002701569 3330 | | |
| | ***********4895 | | | |
| Apr 2 | Debit Purchase - VISA | On 033125 800-292-7508 GA | 1099968026 | 300.00- |
| | SYNCB PHONE PAYM | REF # 2413829509109996802 6438 | | |
| | ***********4895 | | | |
| Apr 3 | Debit Purchase - VISA | On 040125 LAS VEGAS NV | 2473400538 | 34.67- |
| | JOHN MULLS ROADK | REF # 2400097509247340053 8006 | | |
| | ***********4895 | | | |
| Apr 3 | Debit Purchase | SPROUTS FARMERS  LAS VEGAS  NV | 3504021833 | 46.94- |
| | 126435 | On 040225 ILNKILNK REF 509219126435 | | |
| | ***********4895 | | | |
| Apr 4 | Debit Purchase - VISA | On 040225 HENDERSON NV | 3100191268 | 14.08- |
| | GOLDEN CORRAL 27 | REF # 2444500509310019126 8034 | | |
| | ***********4895 | | | |
| Apr 4 | Debit Purchase - VISA | On 040325 office.admin NV | 3100028618 | 935.60- |
| | B & W PLLC | REF # 2400077509310002861 8430 | | |
| | ***********4895 | | | |
| Apr 7 | Debit Purchase | Lee's Discount L North Las VeNV | | 14.08- |
| | 141371 | On 040625 MAESTERM REF 141371 | | |
| | ***********4895 | | | |
| Apr 7 | Debit Purchase - VISA | On 040525 Las Vegas NV | 5108804836 | 16.19- |
| | SQ *BOBA FOXY BU | REF # 2469216509510880483 6790 | | |
| | ***********4895 | | | |
| Apr 7 | Debit Purchase | SPROUTS FARMERS  LAS VEGAS  NV | 0304071136 | 25.27- |
| | 753903 | On 040725 ILNKILNK REF 509712753903 | | |
| | ***********4895 | | | |
| Apr 7 | Debit Purchase | THE HOME DEPOT # N LAS VEGAS NV | 5204061836 | 87.14- |
| | 546352 | On 040625 ILK1TERM REF 509623546352 | | |
| | ***********4895 | | | |



**US bank.** KING TAURUS MANAGEMENT LLC
4433 CITYSCAPE GLEN CT
N LAS VEGAS NV 89084-4400

**Business Statement**
Account Number:
1 537 5833 2321
Statement Period:
Mar 3, 2025
through
Mar 31, 2025

Page 5 of 8

## SILVER BUSINESS CHECKING
U.S. Bank National Association

**(CONTINUED)**
Account Number 1-537-5833-2321

**Card Withdrawals (continued)**
Card Number: xxxx-xxxx-xxxx-4895

| Date | Description of Transaction | | Ref Number | Amount |
|---|---|---|---|---|
| Mar 3 | Debit Purchase - VISA SYNCB PHONE PAYM ************4895 | On 030125 800-292-7508 GA REF # 24138295061089213213168 | 1089213213 | 300.00- |
| Mar 5 | Debit Purchase 254160 ************4895 | SMITHS FO 6855 A NORTH LAS VENV On 030425 MAESTERM REF 254160 | | 3.29- |
| Mar 5 | Debit Purchase 357519 ************4895 | 7-ELEVEN Las Vegas NV On 030525 MAESTERM REF 357519 | | 7.49- |
| Mar 5 | Debit Purchase - VISA JOHN MULLS ROADK ************4895 | On 030325 LAS VEGAS NV REF # 24000975063306701413534 | 3306701413 | 52.00- |
| Mar 5 | Debit Purchase - VISA B & W PLLC ************4895 | On 030325 office.admin NV REF # 24000775063500024635237 | 3500024635 | 4,558.70- |
| Mar 6 | Debit Purchase - VISA LA PAPAYA DELI ************4895 | On 030425 LAS VEGAS NV REF # 24228995064030077761191 | 4030037761 | 11.23- |
| Mar 6 | Debit Purchase - N THE JUICE BAR N ************4895 | On 030425 NORTH LAS VE NV REF # 24275395064900019566575 | 4900019566 | 13.53- |
| Mar 10 | Debit Purchase - VISA ROBERTO'S TACO S ************4895 | On 030625 LAS VEGAS NV REF # 24426295066016015082521 | 6016015082 | 6.72- |
| Mar 10 | Debit Purchase 158791 ************4895 | SMITHS FO 6855 A NORTH LAS VENV On 030925 MAESTERM REF 158791 | | 8.53- |
| Mar 10 | Debit Purchase - VISA SMOK CIGAR LOUNG ************4895 | On 030725 LAS VEGAS NV REF # 24037245068900019645058 | 8900019645 | 12.73- |
| Mar 11 | Recurring Debit Purchase WOW CARWASH #3 ************4895 | On 030925 833-969-9274 NV REF # 24801975069268686529 US1 | 9268686529 | 29.99- |
| Mar 12 | Debit Purchase - VISA TG/SEVENTY SIX ************4895 | On 031025 HENDERSON NV REF # 24943005070165324163836 | 0165324163 | 34.00- |
| Mar 13 | Debit Purchase - VISA THE JUICE BAR N ************4895 | On 031125 NORTH LAS VE NV REF # 24275395071900010224449 | 1900010224 | 13.40- |
| Mar 13 | Debit Purchase - VISA SBA LOAN PAYMENT ************4895 | On 031225 303-844-2084 CO REF # 24240985072001114298907 | 2001114298 | 75.00- |
| Mar 17 | Debit Purchase - VISA PlayStation Netw ************4895 | On 031525 800-3457669 CA REF # 24204295075000521125096 | 5000521125 | 9.99- |
| Mar 17 | Debit Purchase - VISA SMOK CIGAR LOUNG ************4895 | On 031525 LAS VEGAS NV REF # 24037245075900010418787 | 5900010418 | 13.66- |
| Mar 17 | Debit Purchase - VISA SMOK CIGAR LOUNG ************4895 | On 031425 LAS VEGAS NV REF # 24037245075900010333499 | 5900010333 | 33.37- |
| Mar 17 | Debit Purchase - VISA SMOK CIGAR LOUNG ************4895 | On 031325 LAS VEGAS NV REF # 24037245073900010244029 | 3900010244 | 54.63- |

 Gmail

---

## Payment submitted for bill 202041246

---

**Black & Wadhams (via Clio Notifications)**
\<notifications@clio.com\>
Reply-To: office.admin@blackwadhams.law
To: ossirislynch1@gmail.com

Mon, Jan 27, 2025 at 9:28
PM

---

Confirmation #3AH58ATU

## Payment to Black & Wadhams

A payment was submitted to Black & Wadhams. It will be reflected in your bank account within 1-2 business days.

| | |
|---|---|
| **Name** | Ossiris Lynch |
| **Description** | Clio Payment applied to client balance for Ossiris Lynch |
| **Date** | Jan 27, 2025, 09:28 PM PST |

**VISA** **Visa ending in 4895**
Ossiris Lynch - ossirislynch1@gmail.com

| | |
|---|---|
| Bill 202041246 | $561.14 |
| **Total payment** | **$561.14** |

This payment method is authorized to be stored securely for future use per the terms of the fee agreement. Contact Black & Wadhams for



---

## Payment submitted for bill 202039940

---

**Black & Wadhams (via Clio Notifications)**
<notifications@clio.com>
Reply-To: office.admin@blackwadhams.law
To: ossirislynch1@gmail.com

Mon, Dec 30, 2024 at 8:42 PM

Confirmation #37KPLEEI

## Payment to Black & Wadhams

A payment was submitted to Black & Wadhams. It will be reflected in your bank account within 1-2 business days.

| | |
|---|---|
| **Name** | Ossiris Lynch |
| **Description** | Clio Payment applied to client balance for Ossiris Lynch |
| **Date** | Dec 30, 2024, 08:42 PM PST |

**VISA** **Visa ending in 4895**
Ossiris Lynch - ossirislynch1@gmail.com

| | |
|---|---|
| **Bill 202039940** | $1,544.20 |
| **Total payment** | **$1,544.20** |

This payment method is authorized to be stored securely for future use per the terms of the fee agreement. Contact Black & Wadhams for

 Gmail

---

## Payment submitted for bill 202038754

---

**Black & Wadhams (via Clio Notifications)**
<notifications@clio.com>
Reply-To: office.admin@blackwadhams.law
To: ossirislynch1@gmail.com

Tue, Nov 19, 2024 at 10:44 AM

    **Black & Wadhams**

## Payment notification

A payment was submitted to Black & Wadhams. It will be reflected in your bank account within 1-2 business days.

### Payment information

**Name:** Ossiris Lynch
**Date:** Nov 19, 2024, 10:44 AM PST
**Confirmation #:** 33QKXJEY
**Method:** Visa ending in 4895
**Allocation:**

Bill 202038754
Amount: $699.60

Total payment                                              $699.60

This payment method is authorized to be stored securely for future use



---

## Payment submitted for bill 202037476

---

**Black & Wadhams (via Clio Notifications)**
<notifications@clio.com>
Reply-To: office.admin@blackwadhams.law
To: ossirislynch1@gmail.com

Mon, Oct 21, 2024 at 9:28
AM



**Black & Wadhams**

## Payment notification

A payment was submitted to Black & Wadhams. It will be reflected in your bank account within 1-2 business days.

### Payment information

**Name:** Ossiris Lynch
**Date:** Oct 21, 2024, 09:28 AM PDT
**Confirmation #:** 30OULXCY
**Method:** Visa ending in 4895
**Allocation:**

   **Bill 202037476**
   Amount: $894.00

**Total payment**                                    **$894.00**

This transaction will appear on your statement as a payment to **B & W**



---

## Payment submitted for bill 202036135

**Black & Wadhams (via Clio Notifications)**
<notifications@clio.com>
Reply-To: office.admin@blackwadhams.law
To: ossirislynch1@gmail.com

Tue, Sep 17, 2024 at 7:00 AM

---

                              **Black & Wadhams**

## Payment notification

A payment was submitted to Black & Wadhams. It will be reflected in your bank account within 1-2 business days.

### Payment information

**Name:** Ossiris Lynch
**Date:** Sep 17, 2024, 07:00 AM PDT
**Confirmation #:** 2X8OZAGY
**Method:** Visa ending in 2598
**Allocation:**

**Bill 202036135**
Amount: $427.26

**Total payment**                                          **$427.26**

This transaction will appear on your statement as a payment to **B & W**

**M Gmail**

---

## Payment submitted for bill 202035064

---

**Black & Wadhams (via Clio Notifications)**
<notifications@clio.com>
Reply-To: office.admin@blackwadhams.law
To: ossirislynch1@gmail.com

Mon, Aug 12, 2024 at 5:55 PM



**Black & Wadhams**

## Payment notification

A payment was submitted to Black & Wadhams. It will be reflected in your bank account within 1-2 business days.

### Payment information

**Name:** Ossiris Lynch
**Date:** Aug 12, 2024, 05:55 PM PDT
**Confirmation #:** 2TOYGEYY
**Method:** Visa ending in 2598
**Allocation:**

**Bill 202035064**
Amount: $420.00

**Total payment**                              **$420.00**

This payment method is authorized to be stored securely for future use



---

## Payment submitted for bill 202033873

---

**Black & Wadhams (via Clio Notifications)** <notifications@clio.com>    Tue, Jul 9, 2024 at 8:37 PM
Reply-To: office.admin@blackwadhams.law
To: ossirislynch1@gmail.com

                                        **Black & Wadhams**

## Payment notification

A payment was submitted to Black & Wadhams. It will be reflected in
your bank account within 1-2 business days.

### Payment information

**Name:** Ossiris Lynch
**Allocation:**

**Bill 202033873**
Amount: $35.00

**Date:** Jul 09, 2024, 08:37 PM PDT
**Confirmation #:** 2QF0SEPM
**Method:** Visa ending in 2598

This payment method is authorized to be stored securely for future use
per the terms of the fee agreement. Contact Black & Wadhams for
questions.

This transaction will appear on your statement as a payment to **B & W**

# EXHIBIT COVER PAGE

## Exhibit N

Mental health letter from therapist Jasminda Horne (LCSW)

*Submitted by Plaintiff*

*District Court - Clark County, Nevada*

July 22, 2025

To Whom It May Concern:

My name is Jasminda Horne, and I am a Licensed Clinical Social Worker (LCSW# 11005-C). I have over 10+ years of clinical mental health experience. I have had the pleasure of working with an array of clients from varying demographics that have experienced acute mental health related symptomology.

As of presently, I work as a private practice mental health provider. I received an inquiry for therapeutic mental health treatment services from Mr. Ossiris Lynch in November of 2023. As of today, I have met with Mr. Lynch for 6 quarterly telehealth and in-person individual therapy sessions.

Mr. Lynch disclosed that he and his immediate family members have been subjected to various forms of harassment and discriminatory targeting from a specific person(s) who resided within his community of residence. Mr. Lynch has a history of exposure to various adverse childhood experiences and traumatic adversities within his adulthood. It is my clinical opinion that Mr. Lynch's exposure to repeated acts of verbal abuse, cyber-bullying, and persecutory environmental stressors have exacerbated Mr. Lynch's anxiety and depression-related symptomology.

Mr. Lynch has reported experiencing anxiety, difficulty completing tasks, decreased appetite, sleep disturbances, panic attacks, hypervigilance, avoidance of once enjoyed extracurricular activities, reoccurring negative thoughts, inability to focus, increased mood disturbances, avoidance of distressing memories or stimuli related to traumatic event, and distress within social, familial, and occupational obligations/interactions. Prior to being subjected to these increased environmental stressors, Mr. Lynch identified his mental health related symptoms as dormant.

It is my professional opinion that it is imperative that Mr. Lynch continue with his participation in therapy services, to prevent further deterioration in his mental health status. Length in time in therapy services following exposure to a traumatic event is a clinical decision. Clinical case studies have found that participation in continuous mental health treatment services increases the likelihood that a trauma exposed individual will experience decreased anxiety related symptoms over time. With adequate continued participation in mental health treatment services in combination of identifying and utilizing healthy coping skills, Mr. Lynch's prospect of reaching and maintaining a functional baseline is highly probable.

Best Regards,

Signed by:

*Jasminda Horne*

F421CA596CD14EF

Jasminda Horne

# EXHIBIT COVER PAGE

## Exhibit O

Email from HOA Treasurer Linda Buckingham on 7/24/2025 confirming HOA's agreement to pay $7,500 to Plaintiff and attributing payment delays to the HOA's legal and management team.

Submitted by Plaintiff
District Court – Clark County, Nevada



---

## reaching out

---

**Linda Buckingham** <linthrm@aol.com>                    Thu, Jul 24, 2025 at 2:05 PM
Reply-To: Linda Buckingham <linthrm@aol.com>
To: Ossiris Lynch <ossirislynch1@gmail.com>

Hi Ossiris, I am 100% ok with helping you out on this.  My only issue is that
the new management company is tripping a little over all the legal issues as
if we didn't warn them up front.  I reached out to them 2 weeks ago on a
status update and they wrote back that they are doing their job and will let
me know when they know more.  Send m over a draft and I will add to it and
see if we can get them to settle this ASAP.  As for you and Kengel...please
DO NOT let them win by tearing you guys apart.  Neither of you did anything
to deserve what they did to your household.  I know what you mean about
that pit in the stomach.  I still get a pit when I think about those 2 idiots doing
what they did and FSR aiding them to do it.  Hang in there and everything
will be ok.

# EXHIBIT COVER PAGE

## Exhibit P

Clark County District Court Minute Order dated May 12, 2025, in Case No. A-25-915056-C, granting Defendant Ossiris Lynch's Anti-SLAPP Motion to Dismiss with prejudice under NRS 41.660. The order confirms Plaintiff Daniel Brandmeyer failed to show a probability of prevailing, and that Defendants' speech was protected under Nevada law as good faith communication in the public interest.

Submitted by Plaintiff
District Court – Clark County, Nevada

A-25-915056-C

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| Other Tort | **COURT MINUTES** | May 12, 2025 |
|---|---|---|

| A-25-915056-C | Daniel Brandmeyer, Plaintiff(s) |
|---|---|
| | vs. |
| | Ossiris Lynch, Defendant(s) |

**May 12, 2025**        **3:00 AM**        **Minute Order**

**HEARD BY:** Barisich, Veronica M.        **COURTROOM:** Chambers

**COURT CLERK:** Carolyn Jackson

**RECORDER:**

**REPORTER:**

**PARTIES
PRESENT:**

### JOURNAL ENTRIES

- Defendants' Special Motion to Dismiss pursuant to NRS 41.660 has come before the Court on the May 8, 2025 Calendar. The Court, having reviewed Defendants' Motion, Plaintiff's Opposition, Defendants' Reply, all pleadings and exhibits on file, having considered oral argument, and good cause, hereby enters its findings and ruling in accordance with the analysis required under NRS 41.660(3).

Relevant Law

A "SLAPP suit" is a "strategic lawsuit against public participation."  It is a meritless lawsuit that a party initiates to chill a defendant's exercise of his 1st Amendment speech rights. Stubbs v. Strickland, 129 Nev. 146, 297 P.3d 326 (2013).   When a plaintiff files a SLAPP suit, Nevada's Anti-SLAPP statute, NRS 41.660, allows defendant to file a special motion to dismiss in response to the action. Id.  "This special motion to dismiss functions as a motion for summary judgment and allows the district court to evaluate the merits of the alleged SLAPP claim." Id.  Under the Anti-SLAPP statute, a defendant may file a special motion to dismiss if the defendant can show "by a preponderance of the evidence, that the claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a).

A-25-915056-C

NRS 41.637(4) defines a "[g]ood faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern" as any "[c]ommunication made in direct connection with an issue of public interest in a place open to the public or in a public forum, which is truthful or is made without knowledge of its falsehood."

"When a party moves for a special motion to dismiss under Nevada's anti-SLAPP statute, it bears the initial burden of production and persuasion; this means the moving party must first make a threshold showing that the lawsuit is based on 'good faith communication[s made] in furtherance of the right to [free speech]. See NRS 41.650; John v. Douglas Cty. Sch. Dist., 125 Nev. 746, 219 P.3d 1276 (2009). If a defendant makes this initial showing, the burden shifts to the plaintiff to show "with prima facie evidence a probability of prevailing on the claim." NRS 41.660(3)(b) "If the nonmoving party successfully meets its burden, then the case proceeds to discovery and, potentially, trial. Otherwise, the district court must dismiss the action, and that dismissal operates as an adjudication on the merits." Id. Therefore, it is a 2-step analysis: (1) Defendant must show by a preponderance of the evidence that the claim is based upon a good faith communication in furtherance of free speech in connection with an issue of public concern; then, if that burden is established, the burden shifts and (2) Plaintiff must show a probability of prevailing on the claim.

Under NRS 41.670, if the anti-SLAPP motion is granted, the Court must award reasonable costs and attorney's fees and up to $10,000 for other damages.

To prevail on a defamation claim, a plaintiff must show (1) a false and defamatory statement; (2) unprivileged publication to a third person; (3) fault; (4) damages, presumed or actual; and, when the plaintiff is a public figure, (5) actual malice. Actual malice in this context means "knowledge that it [the statement] was false or [made] with reckless disregard of whether it was false or not." Pegasus v. Reno Newspapers, Inc., 118 Nev. 706, 719, 57 P.3d 82, 90 (2002).

Findings of Fact and Conclusions of Law

Determination that Plaintiff is a Limited-Purpose Public Figure

The Court FINDS that Plaintiff, as the former President of the Granbury at Valley Vista Homeowners' Association, qualifies as a limited-purpose public figure.

Under Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974), and Pegasus v. Reno Newspapers, Inc., 118 Nev. 706, 720 (2002), individuals who voluntarily inject themselves into public controversies, particularly those involving community governance, assume the status of public figures for the limited scope of those controversies.

The Court FINDS Plaintiff was a central decision-maker and public representative of the HOA, actively engaging with residents and exercising control over neighborhood governance, thereby

A-25-915056-C

acquiring status and visibility within the community.

As further clarified in Smith v. Zilverberg, 137 Nev. 65, 68 (2021), an individual's prominence in a community can establish limited-purpose public figure status. Here, Plaintiff's authority, community role, and participation in HOA enforcement actions thrust him into a position of limited public prominence concerning HOA governance and community disputes.

Prong One: Whether the Claim is Based on a Good Faith Communication in Furtherance of the Right to Petition or Free Speech (NRS 41.660(3)(a))

The Court FINDS by a preponderance of the evidence that Plaintiff's defamation claim is based on Defendants' communications which were made in furtherance of their right to petition and/or free speech in direct connection with an issue of public concern.

These communications include the following:

Defendants' filing of complaints with the Nevada Real Estate Division (NRED) and the U.S. Department of Housing and Urban Development (HUD) regarding alleged misconduct by Plaintiff in his role as HOA President. These complaints were filed using NRED forms #514a and #530 in July and August 2024, and a HUD complaint was filed on August 12, 2024. The Court FINDS such filings constitute good faith communications made in a quasi-judicial forum, protected under NRS 41.637(3) and the litigation privilege recognized in Jacobs v. Adelson, 130 Nev. 408, 412, 325 P.3d 1282, 1285 (2014).

Defendants' publication of a self-authored book, "Hustle of America," which discusses their personal experiences as HOA residents, draws analogies to other known events, and informs readers of legal rights in HOA-governed communities. The Court FINDS such commentary is protected as communication in a public forum on an issue of public interest. Kosor v. Olympia Cos., LLC, 136 Nev. 705, 705 (2020). Plaintiff references Defendants' book but fails to identify any specific statements within it that are false, defamatory, or not an opinion. The mere act of publishing a book that recounts personal experiences and expresses subjective opinions does not constitute defamation, particularly where the content consists of factual depictions and protected opinion.

Defendants' social media commentary, including political cartoons and opinion expressed through platforms like Facebook, referencing HOA actions and leadership. The Court FINDS that Plaintiff's allegations regarding the political cartoon allegedly posted by Defendants, purportedly comparing Plaintiff to "North Korea", does not support a claim for defamation. The Nevada Supreme Court has held that rhetorical hyperbole, parody, and exaggerated expression that no reasonable reader would interpret as literal fact are not actionable. See Pegasus v. Reno Newspapers, Inc., 118 Nev. 706, 715, 57 P.3d 82, 88 (2002). The Court FURTHER FINDS the other satire and opinion based statements to be rhetorical hyperbole or evaluative opinions. Id.

A-25-915056-C

The circulation of a recall petition authorized by NRS 116.31036 is a protected form of political expression under the anti-SLAPP statute. Plaintiff alleges that Defendants made claims and false accusations of discrimination, embezzlement, and bullying.

Plaintiff concedes that the book and social media posts only referenced his first name, but fails to show that these publications made untruthful or malicious claims about him. Further, the oral argument at the hearing indicated that Defendants' provided an opinion when questioning how the finances were used and did not specifically state Plaintiff embezzled finances. Whereas it may be offensive, the statement is based on feelings and opinion and devoid of specific allegations. Statements of opinion are necessarily statements that are made without knowledge of their falsehood pursuant to NRS 41.637. See Abrams v. Sanson, 136 Nev. 83, 458 P.3d 1062 (2020). The Court FINDS that Defendants' statements were made without knowledge of falsity and were rooted in their lived experiences, opinions, and public affairs.

The scope of "an issue of public interest" has been further defined by the Nevada Supreme Court, which has adopted the following principles to be used in evaluating whether an interest is a public interest or a private interest:

(1) "public interest" does not equate with mere curiosity;
(2) a matter of public interest should be something of concern to a substantial number of people; a matter of concern to a speaker and a relatively small specific audience is not a matter of public interest;
(3) there should be some degree of closeness between the challenged statements and the asserted public interest the assertion of a broad and amorphous public interest is not sufficient;
(4) the focus of the speaker's conduct should be the public interest rather than a mere effort to gather ammunition for another round of private controversy; and
(5) a person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people.

Shapiro v. Welt, supra, at 268; quoting Piping Rock Partners, Inc. v. David Lerner Assocs., Inc., 946 F. Supp. 2d 957 (N.D. Cal. 2013), aff'd, 609 F. App'x 497 (9th Cir. 2015).

Here, the Court FURTHER FINDS that the preponderance of the evidence indicates that Defendants' communications were made in good faith and in direct connection with an issue of public concern under NRS 41.660(1)(a). Specifically, the governance, practices, and accountability of homeowner associations (HOAs) are issues that affect a substantial portion of the public, particularly in Nevada, where a significant number of residents live in HOA-governed communities.

The Court FURTHER FINDS Defendants' speech focused not on a private dispute, but on educating others about their personal experiences and broader patterns of alleged abuse and overreach by the HOA board. Their self-published book discusses systemic concerns, not personal vendettas. Moreover, Defendants participated in public forums including interviews, social media discussions,

A-25-915056-C

and a community-focused radio broadcast to share their views and encourage others to understand and assert their rights in HOA-governed communities. These efforts further demonstrate that the focus of their communications was the public interest, not private controversy. Accordingly, the Court finds that the speech at issue meets the criteria for protected expression on a matter of public concern under both Shapiro and NRS 41.637.

The Court therefore CONCLUDES that Defendants' statements fall squarely within the protection of NRS 41.637 as good faith communications related to public issues. Prong one is satisfied.

Prong Two: Whether Plaintiff has Established a Probability of Prevailing on the Claim (NRS 41.660(3)(b))

As prong one is satisfied, the Court next considers whether Plaintiff has presented prima facie evidence sufficient to establish a probability of prevailing on the defamation claim. The burden shifts to Plaintiff.

The Court FINDS that Plaintiff has failed to meet this burden. Consequently, to prevail on his defamation claim, Plaintiff was required to plead and prove actual malice. See Rosen v. Tarkanian, supra. Specifically, Plaintiff does not identify specific defamatory statements or articulate why those statements are false. His allegations reference entire pages or chapters of Defendants' book without pinpointing actionable content.

The Court FURTHER FINDS that Plaintiff alleges reputational harm but offers no evidentiary support demonstrating publication to third parties, fault amounting to negligence, or actual damages.

Because Plaintiff is a limited-purpose public figure due to his tenure as HOA President, he must demonstrate actual malice i.e., knowledge of falsity or reckless disregard. See Rosen v. Tarkanian, 135 Nev. 436, 453, 453 P.3d 1220, 1225 (2019). The Court FINDS no such showing has been made.

Plaintiff takes issue with content that includes opinion-based characterizations and analogies, such as comparing HOA surveillance to that of "George Zimmerman" or "North Korea." These are non-actionable rhetorical statements. See People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd., 111 Nev. 615, 624-25, 895 P.2d 1269, 1277 (1995).

The Court FINDS that the complained-of communications were either true or substantially true, or opinions, including references to Plaintiff's background checks on residents and his interactions with neighborhood children. Under Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 517 (1991), a statement that is substantially true even if not perfectly accurate in every detail does not support a defamation claim.

Once the burden shifted under NRS 41.660(3)(b), Plaintiff failed to produce prima facie evidence that these statements were false or not grounded in fact, in order to prevail upon the claim. Plaintiff

A-25-915056-C

offered no competent rebuttal or evidence showing that the underlying conduct described by Defendants did not occur.

Plaintiff argues that Defendants' criticisms should have been directed at the HOA board collectively, rather than at him personally, because he alone did not have the authority to implement the practices at issue. However, the Court finds this argument unpersuasive. As President of the HOA, Plaintiff was a visible representative and possessed decision-making authority for the board. Statements critiquing board conduct reasonably pertain to him in his leadership capacity, particularly where the public and community perceived him as the board's principal actor. This argument undercuts Plaintiff's own claim of reputational harm based on personal attribution and further supports the conclusion that Defendants' statements are not actionable.

Because Plaintiff has failed to show with prima facie evidence a probability of success on the merits, the Court need not address NRS 41.660(3)(c).

Plaintiff's Leave to Amend Complaint

During oral argument, Plaintiff made an oral request for leave to amend the Complaint.

The Court FINDS that Plaintiff failed to submit a proposed amended complaint as required by EDCR 2.30 and failed to articulate how amendment would cure the substantive deficiencies identified by this Court.

The Court FURTHER FINDS that granting leave to amend under these circumstances would undermine the purpose of Nevada's anti-SLAPP statute, which is to prevent the burden and expense of prolonged litigation over protected First Amendment activity. See Nev. Rev. Stat.  41.660(1)(a)-(b). Allowing amendment here would contravene the statute's core objective by prolonging a lawsuit already found to lack legal sufficiency.

In addition, Nevada's anti-SLAPP law explicitly places an absolute hold on discovery activities from the time the motion is filed until not only the trial court has ruled on it, but until all appeals regarding it are exhausted.  41.660(3)(e).  Nevada courts are not statutorily authorized to permit discovery, even if the requesting party can show good cause for it.

Accordingly, Plaintiff's oral motion for leave to amend is DENIED.

Order

Therefore, the Court ORDERED that Defendants' Special Motion to Dismiss under NRS 41.660 is GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE. This dismissal constitutes an adjudication on the merits pursuant to NRS 41.660(5).  Plaintiff's oral Motion for Leave to Amend is DENIED.

A-25-915056-C

The Court FURTHER ORDERED that Defendants shall file a motion for attorney's fees, costs, and statutory damages within twenty-one (21) days of entry of this Order. The Court shall award mandatory reasonable attorney's fees and costs, and may award statutory damages up to $10,000 under NRS 41.670(1).

Counsel for Defendants is directed to submit a proposed Order consistent with this Minute Order and the submitted briefing. Counsel may add language to further supplement the proposed Order in accordance with the Court's findings and any submitted arguments. Counsel is directed to have the proposed Order submitted to chambers within 14 days consistent with AO 21-04 and EDCR 7.21. Opposing Counsel is to review and sign off as to form and content.

CLERK'S NOTE: This Minute Order was electronically served to all registered parties for Odyssey File & Serve. //cj 5/12/2025

# EXHIBIT COVER PAGE

## Exhibit Q

Clark County District Court Minute Order dated August 27, 2025, in Case No. A-25-915056-C, denying Daniel Brandmeyer's Motion to Re-Open. The Court found the motion procedurally improper, legally unsupported, and factually insufficient, affirming that the claims were previously dismissed under Nevada's Anti-SLAPP statute. The ruling reiterates that Defendants' speech was protected communication on matters of public concern.

Submitted by Plaintiff
District Court – Clark County, Nevada

ELECTRONICALLY SERVED
9/2/2025 2:35 AM

A-25-915056-C

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| Other Tort | COURT MINUTES | August 27, 2025 |
|---|---|---|

| A-25-915056-C | Daniel Brandmeyer, Plaintiff(s) |
|---|---|
| | vs. |
| | Ossiris Lynch, Defendant(s) |

| August 27, 2025 | 3:00 AM | Motion |
|---|---|---|

**HEARD BY:** Barisich, Veronica M.          **COURTROOM:** RJC Courtroom 03C

**COURT CLERK:** Carolyn Jackson

**RECORDER:**

**REPORTER:**

**PARTIES
PRESENT:**

## JOURNAL ENTRIES

- Plaintiff's Motion to Re-Open came before the Court on August 27, 2025. The Court, having reviewed the Motion, the Opposition filed by Defendants, the pleadings, and applicable law, and good cause appearing, finds the following:

Plaintiff relies on NRCP 59(e), but no judgment or final order has been entered, and the matter has not been "closed." NRCP 59(e) governs motions to alter or amend judgments and does not apply here. No trial has been held, and no basis exists for reopening under the cited rule. Plaintiff's motion is procedurally defective and offers no legal or factual grounds to alter this Court's prior rulings.

This Court has previously determined that Plaintiff failed to state a claim for defamation upon which relief can be granted under NRCP 12(b)(6). Plaintiff's motion relies on sworn affidavits from Julius Perry, Amy Easton, and Jason Witt, none of which identify any specific false statement of fact made by Defendants. Instead, they offer opinions or characterizations of Defendants' conduct, which are not actionable as defamation. Rosen v. Tarkanian, 135 Nev. 436, 453, 453 P.3d 1220, 1225 (2019); Pegasus v. Reno Newspapers, Inc., 118 Nev. 706, 714, 57 P.3d 82, 88 (2002).

The statements at issue arose from Defendants' HUD and NRED complaints, public discussions

A-25-915056-C

concerning HOA governance, and Defendants' self-published book. These communications fall squarely within Nevada's anti-SLAPP protections as good faith communications made in furtherance of free speech on issues of public concern. Stubbs v. Strickland, 129 Nev. 146, 297 P.3d 326 (2013); NRS 41.637.

The Court previously granted Defendants' Special Motion to Dismiss under NRS 41.660, finding the claims barred by Nevada's anti-SLAPP statute. Plaintiff's motion offers no change in law or fact to disturb that ruling.

Based upon the foregoing, the Court FINDS Plaintiff's Motion procedurally improper, legally unsupported, and factually insufficient.  Therefore, the Court ORDERED that Plaintiff's Motion to Re-Open is DENIED in its entirety.

Counsel for Defendant shall submit a proposed Order to the Department Inbox (dc5inbox@clarkcountycourts.us) consistent with this Minute Order.  Counsel may add language to supplement the Court's findings consistent with the foregoing.  Counsel is directed to have the proposed Order submitted to chambers within 14 days consistent with EDCR 7.21.  Opposing counsel shall sign as to form and content.

CLERK'S NOTE: This Minute Order was served by U.S. Mail and/or electronically served to all registered parties for Odyssey File & Serve.  //cj 9/2/2025

# EXHIBIT COVER PAGE

## Exhibit R

Clark County District Court Minute Order dated August 27, 2025, in Case No. A-25-915056-C, denying Daniel Brandmeyer's Motion for Reconsideration. The Court found that Plaintiff failed to present any new facts or law and reaffirmed that Defendants' statements were protected by the First Amendment and Nevada's Anti-SLAPP statute. The motion to amend or reopen was denied in full.

Submitted by Plaintiff
District Court – Clark County, Nevada

ELECTRONICALLY SERVED
9/2/2025 2:35 AM

A-25-915056-C

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| Other Tort | **COURT MINUTES** | **August 27, 2025** |
|---|---|---|

| A-25-915056-C | Daniel Brandmeyer, Plaintiff(s) |
|---|---|
| | vs. |
| | Ossiris Lynch, Defendant(s) |

**August 27, 2025**    **3:00 AM**    **Motion to Reconsider**

**HEARD BY:**  Barisich, Veronica M.                **COURTROOM:**  RJC Courtroom 03C

**COURT CLERK:**  Carolyn Jackson

**RECORDER:**

**REPORTER:**

**PARTIES
PRESENT:**

## JOURNAL ENTRIES

- Plaintiff's Motion for Reconsideration came before the Court on August 27, 2025. The Court, having reviewed the Motion, the Opposition filed by Defendants, the pleadings, and applicable law, and good cause appearing, finds the following:

Relevant Law

EDCR 2.24(a) states, "No motions once heard and disposed of may be renewed in the same cause, nor may the same matters therein embraced be reheard, unless by leave of the court granted upon motion therefor, after notice of such motion to the adverse parties." A district court may reconsider a previously decided issue if substantially different evidence is subsequently introduced or the decision is clearly erroneous. Masonry & Tile Contractors Ass'n of Southern Nevada v. Jolley, Urga & Wirth, Ltd., 113 Nev. 737, 741, 941 P.2d 486, 489 (1997). "Only in very rare instances in which new issues of fact or law are raised supporting a ruling contrary to the ruling already reached should a motion for rehearing be granted." Moore v. City of Las Vegas, 92 Nev. 402, 405, 551 P.2d 244, 246 (1976). "Rehearings are not granted as a matter of right and are not allowed for the purpose of reargument, unless there is reasonable probability that the court may have arrived at an erroneous conclusion. Geller v. McCown, 64 Nev. 102, 108, 178 P.2d 380, 381 (1947). "Points or contentions not

A-25-915056-C

raised in the original hearing cannot be maintained or considered on rehearing." Achrem v. Expressway Plaza Ltd., 112 Nev. 737, 742, 917 P.2d 447, 450 (1996).

Findings of Fact and Conclusions of Law

The Court FINDS the affidavits Plaintiff relies upon merely express personal opinions or recount experiences but fail to identify any specific false statement of fact made by Defendants that would constitute defamation. Statements of opinion and statements made during quasi-judicial proceedings, such as NRED or HUD complaints, are protected under both the First Amendment and Nevada law. Pegasus v. Reno Newspapers, Inc., 118 Nev. 706, 714, 57 P.3d 82, 88 (2002); Jacobs v. Adelson, 130 Nev. 408, 412, 325 P.3d 1282, 1285 (2014).

Because Plaintiff is a limited-purpose public figure, he must show actual malice to prevail on a defamation claim. Rosen v. Tarkanian, 135 Nev. 436, 453, 453 P.3d 1220, 1225 (2019). The Court FINDS that Plaintiff has not provided any evidence demonstrating that Defendants acted with knowledge of falsity or reckless disregard for the truth.

The Court FURTHER FINDS that Defendants' statements in complaints to NRED, HUD, and their self-published book constitute good faith communications in direct connection with an issue of public concern, protected under Nevada's anti-SLAPP statute. Stubbs v. Strickland, 129 Nev. 146, 297 P.3d 326 (2013); NRS 41.637. The Court previously granted Defendants' Special Motion to Dismiss under NRS 41.660, and Plaintiff's motion offers no basis to disturb that ruling.

Plaintiff's request to amend the complaint or for a new trial is unsupported. The record contains no set of facts warranting amendment or relief from dismissal. See Zalk-Josephs Co. v. Wells Cargo, Inc., 81 Nev. 163, 169 70, 400 P.2d 621, 624 25 (1965).

Order

Based upon the foregoing findings, Plaintiff's Motion for Reconsideration is DENIED in its entirety.

Counsel for Defendant shall submit a proposed Order to the Department Inbox (dc5inbox@clarkcountycourts.us) consistent with this Minute Order. Counsel may add language to supplement the Court's findings consistent with the foregoing. Counsel is directed to have the proposed Order submitted to chambers within 14 days consistent with EDCR 7.21. Opposing counsel shall sign as to form and content.

CLERK'S NOTE: This Minute Order was served by U.S. Mail and/or electronically served to all registered parties for Odyssey File & Serve. //cj 9/2/2025

# EXHIBIT COVER PAGE

## Exhibit S

Pattern of Retaliation and Legal Manipulation Summary (2024–2025). This exhibit outlines a multi-phase timeline of harassment, selective enforcement, and legal abuse targeting Plaintiff Ossiris Lynch and Kengel Rankin-Lynch. It documents the misuse of HOA counsel, retaliatory legal tactics, and discriminatory enforcement actions spanning from early 2024 to mid-2025. Sources include court rulings, legal invoices, correspondence, and public records, all supporting the claim that HOA counsel and former board members engaged in a sustained campaign to silence, intimidate, and discredit the Plaintiff.

Submitted by Plaintiff
District Court – Clark County, Nevada



Adam H. Clarkson, Esq.          Matthew J. McAlonis, Esq.          Sean A. O'Connor, Esq.
Admitted in NV, CA, FL, SC, UT          Admitted in NV, CA          Admitted in SC

May 8, 2025

***Via First-Class & Electronic Mail***
Ms. Kengel Rankin
4433 Cityscape Glen Court
North Las Vegas, Nevada 89084
Email: kengel.rankin@gmail.com

 *Re: Granbury at Valley Vista – Request to Resign from the Board of Directors*

Dear: Ms. Rankin:

 As you are aware our office provides corporate general counsel services to the Granbury at Valley Vista Homeowners Association (hereinafter referred to as "Association"). The non-conflicted members of the Board of Directors ("Board") have requested that our office send this correspondence as a result of a number of issues that have recently been brought to the Board's attention.

I. **Issues Raised by Recent Complaint Filed by Former Board Member Daniel Brandmeyer**

 The allegations of the complaint raise a number of issues related to your continued service on the Board. These issues are separate from your alleged defamation of Mr. Brandmeyer and do not depend upon the veracity of those allegations. It has come to light through Mr. Brandmeyer's complaint that you have published a book related to your living within the Association and your service on the Board of Directors. *See* https://www.amazon.com/Hustle-America-American-Dream-nightmares/dp/B0DTG18RG6. The published book unequivocally represents a conflict of interest prohibited by NRS 116.31034(9)(a). Your book and related financial interests are in direct conflict with your duties as a Board member and more particularly your fiduciary duty to keep Association matters confidential. The complaint from Mr. Brandmeyer is a prime example of this potential pitfall of your unsanctioned actions.

 Moreover, you have improperly sought indemnification from the Board in relation to the complaint filed by Mr. Brandmeyer. NRS 116.31037 address indemnification of a member of an executive board of directors and provides:

  ***If a member of an executive board is named as a respondent or sued for liability for actions undertaken in his or her role as a member of the board***, the association shall indemnify the member for his or her losses or claims, and undertake all costs of defense, unless it is proven that the member acted with willful or wanton misfeasance or with gross negligence.

Clarkson McAlonis & O'Connor, P.C.
Granbury at Valley Vista – Request for Resignation from the Board of Directors
*May 8, 2025*
Page 2 of 3

*Id.* (Emphasis added). The allegations of Mr. Brandmeyer clearly relate to actions or matters outside of your service on the Board. Your appearances on public radio, personal statements on social media, and the publication of your book do not relate to your role as a director/officer of the Association. As such, you are not entitled to indemnification under NRS 116.31037 and/or the Association's governing documents.

## II.    You Have Profited or May Stand to Profit from Matters Before the Board of Directors

NRS 116.31034(10) provides: "A person may not be a candidate for or member of the executive board or an officer of the association if the person stands to gain any personal profit or compensation of any kind from a matter before the executive board of the association." *Id.* Moreover, NRS 116.31034(13)(b) provides: "[I]f a person is not eligible to be a candidate for or member of the executive board or an officer of the association pursuant to any provision of this chapter, the association must prohibit such a person from serving as a member of the executive board or an officer of the association."

*Id.* The recent settlement and award of monetary compensation in relation to NRED ADR Claim #25-083 raises significant issues under the above-referenced provisions. The Association recently settled this ADR Claim brought by Mr. Ossiris Lynch with whom you reside and have two (2) children. Given your close relationship with Mr. Lynch, it may be reasonably argued by a member of the Association that you have profited from this recent settlement.

Next, you and Mr. Lynch have submitted a Housing Discrimination Complaint to the U.S. Department of Housing and Urban Development ("HUD") against a variety of Defendants including, but not limited to, the Granbury at Valley Vista Homeowners Association ("HUD Case."). *See* Attached. This matter is currently pending before the Board of Directors. As part of the Housing Discrimination Complaint you and Mr. Lynch may seek to be compensated for the alleged discriminatory practices of the Association or its past Board members. The receipt of compensation in relation to your alleged discrimination claims unequivocally represents a profit that you may receive. Additionally, you may also potentially profit from requiring the Association to cede to any additional demands brought against the Association in exchange for the release of your claims in the HUD Case. Further, you may also potentially profit from requiring the Association to cede to any additional demands brought against the Association in exchange for the release of your claims in a civil action in Federal court brought subsequent to HUD's review of your housing discrimination complaint, e.g. attorney's fees and costs and any other alleged damages.

Your pending litigation and potential monetary demands raise significant issues under the above-referenced statutes. Based upon information provided to our office it is our understanding that these issues may have already been brought to the attention of the Nevada Real Estate Division ("NRED"). Such an investigation may result in each of the members of the Board along with the Association (as a whole) being brought before the Commission for Common-Interest Communities and Condominium Hotels ("Commission") wherein the Association and its Board members may face sanctions to include the imposition of fines and removal from the Board of Directors. ***Please be advised that NRED has actively prosecuted claims of violations of NRS 116.31034(10) and 116.31034(13) similar to those issues***

Clarkson McAlonis & O'Connor, P.C.
Granbury at Valley Vista – Request for Resignation from the Board of Directors
*May 8, 2025*
Page 3 of 3

**discussed herein.  *An example of this is Southern Highlands Community Association and former Board members, Michael Kosor, Jr. (NRED # 2022-858)*.**  While you have every right to seek recourse and compensation for alleged wrongful conduct by the Association and/or a member of the Board of Directors, the assertion of those rights precludes you from serving on the Board of Directors under NRS 116.31034(10) & 116.31034(13).  Your household's previous settlement, as well as your active HUD complaint and potential demand for compensation from the Association raise significant issues under Nevada law that may result in significant repercussions for the Association and its Board members in the event an investigation is opened by the NRED.

### III.        Conclusion and Request for Resignation

As a result of the issues discussed herein, the other members of the Board respectfully request that you resign from the Board of Directors.  Actions taken by you may result in significant liability for the Association and/or the unwanted scrutiny of the Nevada Real Estate Division.  As a result of your actions the Association, you and your fellow members of the Board may be subjected to fines, other sanctions, and possible removal from the Board of Directors by the Commission. While the Association's other Board Members do not have active claims against the Association from which they stand to gain personal profit or compensation, the Association has an affirmative obligation to prohibit parties ineligible to serve from serving. Failure to act in accordance with this legal requirement is likely to subject the Association's other Board Members to the above-described liabilities.

In the event you fail to voluntarily resign from the Board you leave the Association with no alternative but to deem your Board seat vacant by operation of law (NRS 116.31034(10)) following Notice and Hearing.  It is the Association and the other Board members sincere hope that you comply with this request.  The Association thanks you for your service to the community.

Respectfully,

Clarkson McAlonis & O'Connor, P.C.

*/s/ Matthew McAlonis*

Matthew J. McAlonis, Esq.

## **CERTIFICATE OF MAILING**

I, Ashley Livingston, certify that I am an employee of the law firm of Clarkson McAlonis & O'Connor, P.C., and that on May 8, 2025, I caused to be served a true and correct copy of the correspondence: *Re: Granbury at Valey Vista – Request to Resign from the Board of Directors.*

### ***Via First-Class & Electronic Mail***
Ms. Kengel Rankin
4433 Cityscape Glen Court
North Las Vegas, Nevada 89084
Email: kengel.rankin@gmail.com

*/s/   Ashley Livingston*
An employee of CLARKSON MCALONIS &
O'CONNOR, P.C.

# EXHIBIT COVER PAGE

## Exhibit T

May 20, 2025, response letter from attorney Rusty Graf (Black & Wadhams) on behalf of Kengel Rankin-Lynch. This letter rebuts the May 8, 2025, resignation request issued by HOA attorney Matthew McAlonis. Attorney Graf refutes each claim raised by the HOA, including the alleged conflict of interest regarding the book 'Hustle of America,' mischaracterizations of the NRED ADR settlement, and any suggestion that the pending HUD complaint disqualified Kengel from board service. The letter asserts Kengel's right to retain her position and directs HOA counsel to cease direct contact with her.

Submitted by Plaintiff
District Court – Clark County, Nevada



TISHA R. BLACK
JAMES L. WADHAMS

J. RUSTY GRAF
BRIGID M. HIGGINS
JESSE A. WADHAMS

STACY HOWLETT
PAUL LARSEN
ALLISON SCHMIDT
ROBERT K. SPARKS
SILVIA VILLANUEVA
SASHA ARAUJO HERNANDEZ

SEAN T. HIGGINS
(1966-2020)

May __, 2025

***Sent via USPS Mail – Certified Return Receipt Requested***

***and email: <u>mmcalonis@cmolawpc.com</u>***

Clarkson McAlonis & O'Connor, P.C.

Attn: Matthew J. McAlonis, Esq.

1210 S. Valley View Blvd., Ste. #202

Las Vegas, NV 89102

      Re:    Granbury at Valley Vista Homeowners' Association

             **Response to Request to Resign**

Dear Mr. McAlonis:

      Please be advised that this office represents Kengel Rankin ("<u>Ms. Rankin</u>"), sitting President of the Granbury at Valley Vista Homeowner's Association (the "<u>HOA</u>"). We are in receipt of your May 8, 2025, correspondence ("<u>Request to Resign</u>") in which you have asked Ms. Rankin to voluntarily resign from her position on the HOA's board (the "<u>Board</u>"). This letter also follows the call we had regarding these matters last week. This correspondence shall serve as Ms. Rankin's response to such Request to Resign.

      As a preliminary matter, as a member of the Board, Ms. Rankin is similarly represented by the HOA's counsel.

LAS VEGAS     CARSON CITY     RENO

## I.     Daniel Brandmeyer's Complaint

Please note that Daniel Brandmeyer's ("Mr. Brandmeyer") Complaint for defamation ("Complaint") against Ms. Rankin and her husband Ossiris Lynch ("Mr. Lynch") will soon be dismissed by the Eighth Judicial District Court with prejudice per the Court's minute order. We have circulated a proposed order. Such dismissal is pending entry of order and notice of entry of order. As such, any "issues raised" by Mr. Brandmeyer are no longer pending and do not affect Ms. Rankin's ability to serve the HOA as its President.

Further, Ms. Rankin and Mr. Lynch's published book does not represent any conflicts of interest as are prohibited by NRS § 116.31034(9)(a). Ms. Rankin and Mr. Lynch's book is an educational endeavor which aims to educate readers on the social and historical background of homeowners associations in general, and whilst it discusses Mr. Rankin and Mr. Lynch's personal experiences, it does not raise or address any financial or confidential matters of the HOA's which Ms. Rankin has a duty to protect and keep confidential.

There is no financial, business, professional, or personal relationship or interest which Ms. Rankin has that she needs to disclose, nor which raises a potential conflict of interest; further, NRS § 116.31034(9)(a) requires the disclosure of potential conflicts of interest which arose *prior* to Ms. Rankin's election to the board. Similarly, there are no pre-existing conflicts of interest which arose prior to her election. Mr. Brandmeyer no longer serves the Board and any such "issues" she may have with Mr. Brandmeyer as a result of his Complaint, are no longer standing.

## II.     Alleged Profits

### a.  NRED

Despite your contention that Ms. Rankin has been on the receiving end of monetary compensation in relation to a settlement that was allegedly reached, no such settlement has been effectuated by Ms. Rankin and/or Mr. Lynch. Further, no such monetary settlement funds have been received by Ms. Rankin and/or Mr. Lynch.

Page **3** of **4**

More importantly, Ms. Rankin is *not* a party to the Nevada Real Estate Division ("NRED") claim number #25-083. Mr. Lynch is the only claimant listed on such claim. Any monetary compensation, which notably does not exist, thus only stands to "profit" Mr. Lynch. Again, no such settlement has ever been entered into and no such settlement funds have been tendered.

Although Ms. Rankin is not a party to the NRED complaint, it is worth noting that NRS § 116.31183 prohibits any kind of retaliatory action against a homeowner because the homeowner has complained in good faith about any violation of any provision of Chapter 116 of the Nevada Revised Statutes or the governing documents of the association. NRS § 116.31184, which prohibits harassment against homeowners which causes harm or serious emotional distress or creates a hostile environment for that person. Mr. Lynch is a homeowner and is well within his rights to have initiated a complaint against the HOA for harassment he endured that was perpetrated by Mr. Brandmeyer and/or former Board members.

**b. HUD**

As to the complaint submitted to the U.S. Department of Housing and Urban Development ("HUD"), Ms. Rankin does acknowledge that she and Mr. Lynch may seek financial compensation for the discriminatory practices they have alleged against the Board and the HOA. However, NRS § 116.31034 (10)(a) provides that "a person may not be a candidate for or member of the executive board or an officer of the association if ... (2) The person stands to gain any personal profit or compensation of any kind from a matter before the executive board of the association; or..." Here, Ms. Rankin does not stand to gain any personal profit or compensation from a matter *before the executive board*. Ms. Rankin stands to gain personal profit or compensation from a matter that is *before the U.S. Department of Housing and Urban Development*. The determination of whether discrimination has occurred is for HUD to determine – **not** for the Board to determine.

However, Ms. Rankin will abstain from voting on any such matter which is related to the complaint filed with HUD, in accordance with NRS § 116.31084. **This correspondence will serve as Ms. Rankin's formal disclosure of such matter to the Board**.

Page **4** of **4**

### III.    Ms. Rankin Has No Duty to Resign

Based on the foregoing, Ms. Rankin has no duty to resign given that there are no conflicts of interest that interfere with her ability to serve the HOA's Board. Further, Ms. Rankin has not profited from any pending quasi-judicial matters. Lastly, Ms. Rankin has herein formally disclosed this matter with HUD and will abstain from voting on any such matters relating to the HUD complaint.

**Ms. Rankin will not resign but will abstain from voting on matters relating to her personally.**

Thank you for your attention to this matter. I look forward to your prompt response. As Ms. Rankin has sought and retained legal counsel, this is your formal notice to cease any and all communication with her and instead contact this office directly.

Respectfully,

**BLACK & WADHAMS**

*/s/ Rusty Graf, Esq.*

Rusty Graf, Esq.
rgraf@blackwadhams.law

JRG:dm

# EXHIBIT COVER PAGE

## Exhibit U

Plaintiff's formal demand letter sent via email on July 8, 2025, to HOA Board members and counsel. The letter outlines the HOA's failure to disburse the $7,500 reimbursement approved in January 2025, quantifies legal fees caused by the delay ($24,202.94), and provides a deadline for compliance. The demand was acknowledged by the HOA's vendor representative, confirming receipt and circulation to the board.

Submitted by Plaintiff
District Court – Clark County, Nevada



---

## Formal Demand for Reimbursement of Legal Expenses and Immediate Payment of Board-Approved Funds

---

**Ossiris Lynch** <ossirislynch1@gmail.com>                    Tue, Jul 8, 2025 at 10:23 AM
To: chris@lvontheball.com
Cc: Kengel R <kengel.rankin@gmail.com>, Linda Buckingham <Linthrm@aol.com>

Dear Members of the Board and Mr. Goldman,

I am writing to formally demand immediate disbursement of the $7,500 reimbursement unanimously approved
by the Granbury at Valley Vista HOA Board in January 2025. This amount was authorized to cover a portion of my legal expenses incurred while defending myself against retaliatory and meritless actions pursued by former board members Daniel Brandmyer and Amy Easton.

To date, despite numerous follow-up attempts by my legal counsel, not a single dollar has been paid out. Each time my attorney has contacted Mr. Goldman's office for status or coordination, I have been billed — and after six months of inaction, those billable hours have added up substantially. As of today, I have spent a total of $24,202.94 of my own money in legal fees related to this matter.

The board voted to reimburse $7,500. The only remaining step was for Mr. Goldman, as the HOA's legal counsel, to execute the payment. That has not happened. This constitutes not only bad faith, but also negligent obstruction of a board directive — and it continues to cause active financial harm to me and my family.

I am demanding the following:

1. Immediate payment of the $7,500 approved reimbursement, no later than July 22, 2025.
2. Reimbursement of additional legal expenses directly caused by this six-month delay, in the amount of $16,702.94, for a total outstanding reimbursement of $24,202.94.
3. A formal written explanation from Mr. Goldman or the Board Treasurer explaining the failure to disburse board-approved funds.

This matter should have been resolved long ago. I prevailed in the Anti-SLAPP motion with prejudice, and the board acknowledged that I should never have been subjected to those legal attacks by prior board members. Further delay only reinforces a pattern of obstruction, inflicts continued financial strain, and opens the HOA and its agents to potential civil liability for breach of fiduciary duty and malicious delay.

If I do not receive the full disbursement by the stated deadline, I will move forward with legal

remedies, including a civil claim for breach of agreement, recovery of damages, and potential disclosure to the community to ensure transparency.

I trust that the current board — which has worked to restore order and fairness — will recognize the urgency of this matter and act without further delay.

Sincerely,
Ossiris Lynch
(702) 972-7099
ossirislynch1@gmail.com



---

## Formal Demand for Reimbursement of Legal Expenses and Immediate Payment of Board-Approved Funds

---

**Chris Peitsch** <chris@lvontheball.com>                                    Tue, Jul 8, 2025 at 6:39 PM
To: Ossiris Lynch <ossirislynch1@gmail.com>
Cc: Kengel R <kengel.rankin@gmail.com>, Linda Buckingham <Linthrm@aol.com>

We'll pass this email along to the directors.



# Chris Peitsch

## (702) 577-3500



*By appointment:* 1180 N Town Center Dr #100, Las Vegas, NV 89144

**Exhibit B**
**Defendant's Notice of Removal filed in Federal Court**

1    INKU NAM, ESQ. (Nevada Bar No. 12050)
     E: INam@ohaganmeyer.com
2    **O'HAGAN MEYER PLLC**
     300 S. 4th Street, Suite 1250
3    Las Vegas, NV 89101
     T: 725.286.2801
4

5    *Attorneys for Defendant*
     *Granbury at Valley Vista*
6    *Homeowners Association*

7                     UNITED STATES DISTRICT COURT

8                          DISTRICT OF NEVADA

9

10   OSSIRIS LYNCH, Pro Se,                 Case No.:

11            Plaintiff,

12       vs.                                **NOTICE TO FEDERAL COURT OF**
                                            **REMOVAL OF CIVIL ACTION FROM**
13   GRANBURY AT VALLEY VISTA               **STATE COURT**
     HOMEOWNERS ASSOCIATION,
14
              Defendant.
15

16           Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Granbury at Valley

17   Vista Homeowners Association ("Defendant") by and through its attorneys, O'Hagan Meyer

18   PLLC, hereby notifies the Court of the removal of *Ossiris Lynch v Granbury at Valley Vista*

19   *Homeowners Association*, Case No. A-25-927483-C, which was filed in the Eighth Judicial

20   District Court in Clark County, Nevada. This removal is based upon federal question jurisdiction

21   and is timely filed. In support of said removal, Defendant states as follows:

22           1.      On September 8, 2025, an action was commenced by *pro se* plaintiff Ossiris

23   Lynch ("Plaintiff") in the Eighth Judicial District Court of Clark County, Nevada, entitled

24   *Ossiris Lynch v Granbury at Valley Vista Homeowners Association*. A copy of the Complaint is

25   attached hereto as **Exhibit A**.

26           2.      In the Complaint, among other things, Plaintiff seeks relief for claims under the

27   Fair Housing Act, 42 U.S.C. § 3617. *See* **Exhibit A**.

28

                                              1

3.      Defendant was served on September 23, 2025, with a copy of the Summons and Complaint. A copy of the Certificate of Service of Defendant is attached as **Exhibit B**. This Notice of Removal is being filed within thirty (30) days of receipt of service and is timely under 28 U.S.C. §§ 1446(b).

4.      This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 federal question jurisdiction.

5.      Plaintiff's Complaint alleges that Plaintiff, Ossiris Lynch, is a resident of North Las Vegas, Nevada.

6.      Defendant is and was at all times, a Nevada nonprofit corporation with its principal place of business in Las Vegas, Nevada.

7.      There is now and there was at the time of the commencement of this action, complete federal question jurisdiction between Plaintiff and Defendant.

WHEREFORE, Defendant prays that the above-referenced action, now pending in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, be removed therefrom to this Court.

Dated this 13th day of October, 2025

**O'HAGAN MEYER PLLC**

By      _____*/s/ Inku Nam*_____
        INKU NAM
        Nevada Bar No. 12050
        300 S. 4th Street, Suite 1250
        Las Vegas, NV 89101

        *Attorneys for Defendant*
        *Granbury at Valley Vista*
        *Homeowners Association*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b) and NEFCR 9, I certify that I am an employee of O'HAGAN

MEYER PLLC, and that on this 13th day of October, 2025, I electronically filed and served the

foregoing **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM**

**STATE COURT** through the Eighth Judicial District Court's electronic filing and service

system as follows:

Ossiris Lynch
9260 S. Rainbow Blvd, Ste 100
Las Vegas, NV 89139
Ossirislynch1@gmail.com

*Pro Se*

By:

_/s/ Krystle Platero_
An Employee of
O'HAGAN MEYER PLLC

**Exhibit C**
**Defendant's Notice to State Court of Filing Notice of Removal**

INKU NAM, ESQ. (Nevada Bar No. 12050)
E: INam@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101
T: 725.286.2801

*Attorneys for Defendant*
*Granbury at Valley Vista*
*Homeowners Association*

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| OSSIRIS LYNCH, Pro Se, | Case No.:   A-25-927483-C |
| Plaintiff, | Dept. No.:  7 |
| vs. | |
| GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION, | **NOTICE TO STATE COURT OF FILING NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| Defendant. | |

NOTICE IS HEREBY GIVEN that on October 13, 2025, Defendant Granbury at Valley Vista Homeowners Association ("Defendant") by and through its attorneys, O'Hagan Meyer PLLC, filed in the United States District Court for the District of Nevada its Notice of Removal of the above entitled action from the Eighth Judicial District Court of the State of Nevada in and for the County of Clark to said United States District Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. A copy of said Notice of Removal is attached to this Notice as Exhibit 1 and is served and filed herewith.

//

//

//

//

1      PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal, together

2  with the filing of a copy of said notice with the Clerk of this Court, effectuates the removal of

3  this action in accordance with 28 U.S.C. §§ 1441(a) and 1446.

4

5      Dated this 13th day of October, 2025

6                                    **O'HAGAN MEYER PLLC**

7

8                        By        */s/ Inku Nam*

9                                INKU NAM

10                               Nevada Bar No. 12050
                              300 S. 4th Street, Suite 1250

11                               Las Vegas, NV 89101

12                               *Attorneys for Defendant*

13                               *Granbury at Valley Vista*
                              *Homeowners Association*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

Pursuant to NRCP 5(b) and NEFCR 9, I certify that I am an employee of O'HAGAN

3

MEYER PLLC, and that on this 13th day of October, 2025, I electronically filed and served the

4

foregoing **NOTICE TO STATE COURT OF FILING NOTICE OF REMOVAL OF CIVIL**

5

**ACTION TO FEDERAL COURT** through the Eighth Judicial District Court's electronic filing

6

and service system as follows:

7

8
Ossiris Lynch
9260 S. Rainbow Blvd, Ste 100

9
Las Vegas, NV 89139
Ossirislynch1@gmail.com

10

11
*Pro Se*

12

13
By:

14

*/s/ Krystle Platero*
An Employee of
O'HAGAN MEYER PLLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28