INKU NAM, ESQ. (Nevada Bar No. 12050)
E: INam@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101
T: 725.286.2801

*Attorneys for Defendant*
*Granbury at Valley Vista*
*Homeowners Association*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSSIRIS LYNCH, Pro Se,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION,<br><br>　　　　Defendant. | Case No.: 2:25-cv-01959-APG-BNW<br><br>**DEFENDANT GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION'S OPPOSITION TO MOTION FOR REMAND [ECF NO. 8]** |

　　　Defendant Granbury at Valley Vista Homeowners Association, ("Granbury") hereby opposes Plaintiff's motion for remand [ECF NO. 8].

　　　This opposition is made and is based on the following Memorandum of Points and Authorities and all pleadings and papers of record in this matter as well as those in the underlying and related Eighth Judicial District Court Case No. A-25-927483-C.

//
//
//
//
//
//
//

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's action asserts a federal claim on the face of the pleading. Plaintiff's motion for remand agrees that his complaint cites the federal statute (42 U.S.C. § 3617), but then Plaintiff inappropriately avers that he never intended to plead a federal claim despite it being listed as his third cause of action. Plaintiff is simply trying to avoid removal by misconstruing his own pleading for his own benefit and he is seeking to amend via a motion to remand while avoid seeking leave of court to do so.

On October 13, 2025, Granbury timely filed the petition for removal within thirty days of September 23, 2025, when Granbury received service of the summons and complaint. Granbury's removal was based on federal question jurisdiction and Plaintiff's claim for "Violation of Federal Fair Housing Act 42 U.S.C. § 3617, so this court has jurisdiction over this timely removal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 8, 2025, an action was commenced by *pro se* plaintiff Ossiris Lynch ("Plaintiff") in the Eighth Judicial District Court of Clark County, Nevada, entitled *Ossiris Lynch v Granbury at Valley Vista Homeowners Association*. [Attached as **Exhibit A** to ECF No. 1 "Complaint".] In the Complaint, among other things, Plaintiff seeks relief under the Fair Housing Act, 42 U.S.C. § 3617. [*See* Complaint at p. 2, Cause of Action 3.]

On September 23, 2025, Defendant was served with a copy of the Summons and Complaint. [Attached as **Exhibit B** to ECF No. 1.]

On October 13, 2025, Granbury's Notice of Removal was filed within thirty (30) days of receipt of service pursuant to 28 U.S.C. §§ 1446(b). Granbury is the only defendant named in this action.

## III. LEGAL ARGUMENT

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Generally, a defendant has thirty days to remove a case to federal court, but the "'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (*citing* 28 U.S.C. § 1446(b)(2) and *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690-91 (9th Cir. 2005).). As courts of limited jurisdiction, federal courts may only exercise supplemental jurisdiction over state-law claims that "are so related to claims in the action" that they form the same case or controversy with the claims over which the court has jurisdiction. 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction is entirely within the court's discretion. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 716, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

The Complaint asserts seven causes of action, the third of which is "Violation of 42 U.S.C. § 3617 (Fair Housing Act)." [*See* Complaint at p. 2.] Plaintiff contends that he merely cites to 42 U.S.C. § 3617 "to describe the kind of behavior that Nevada law also forbids" but he offers no explanation as to why his federal claim is captioned as "Cause of Action 3". [ECF No. 8 at p. 3 and Complaint at p. 2.] However, in doing so, Plaintiff concedes that his Fair Housing Act claim is closely related to his other claims as to form the same case or controversy.

Granbury does not deny that Plaintiff's Complaint raises allegations regarding Granbury and claims under NRS 116. However, simply asserting other claims under Nevada law does not by itself remove this Court's federal question jurisdiction over this case. Moreso, the Court has discretion to exercise supplemental jurisdiction over the remaining claims given that they are intertwined. Plaintiff's assertion that the lack of diversity between parties and insufficient controversy amount is inappropriate, since Granbury's removal was based upon federal question jurisdiction only.

In addition, Plaintiff's attempt to withdraw his federal claim via his motion to remand motion inappropriate and cannot by operation withdraw that claim. Plaintiff's complaint was served on September 23, 2025 [See Exhibit B to ECF No. 1] and Plaintiff's motion for remand was filed more than 21 days later on October 20, 2025 [ECF No. 8], after the filing of Granbury's motion to dismiss [ECF No. 5] that remains pending before this court. Granbury has never consented to an amendment, so Plaintiff would need to seek leave of this court to amend his complaint, which has not occurred. *See* FED. R. CIV. P. 15(a)(1).

## III.  CONCLUSION

For the reasons stated within, Granbury requests that the Court deny Plaintiff's Motion to Remand [ECF No. 8].

Dated the 3rd day of November, 2025

**O'HAGAN MEYER PLLC**

By   */s/ Inku Nam*
INKU NAM, ESQ.
Nevada Bar No. 12050
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101

*Attorneys for Defendant
Granbury at Valley Vista
Homeowners Association*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b) and NEFCR 9, I certify that I am an employee of O'HAGAN MEYER PLLC, and that on this 3rd day of November, 2025, I electronically filed and served the foregoing **DEFENDANT GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION'S OPPOSITION TO MOTION FOR REMAND [ECF NO. 8]** with the Clerk of the Court through Case Management/Electronic Filing System as follows. I further certify that a copy of the foregoing was sent by U.S. Mail to:

Ossiris Lynch
9260 S. Rainbow Blvd, Ste 100
Las Vegas, NV 89139
Ossirislynch1@gmail.com

*Plaintiff Pro Se*

By:             */s/ Krystal Williams*
                 An Employee of
                 O'HAGAN MEYER PLLC