INKU NAM, ESQ. (Nevada Bar No. 12050)
E: INam@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101
T: 725.286.2801

*Attorneys for Defendant*
*Granbury at Valley Vista*
*Homeowners Association*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSSIRIS LYNCH, Pro Se,<br><br>  Plaintiff,<br><br>  vs.<br><br>GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION,<br><br>  Defendant. | Case No.: 2:25-cv-01959<br><br>**DEFENDANT GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION'S REPLY IN SUPPORT OF MOTION TO DISMISS [ECF NO. 5]** |

Defendant Granbury at Valley Vista Homeowners Association, ("Granbury") hereby replies in support of its motion to dismiss Plaintiff's Complaint [ECF No. 5].

This reply is made and is based on the following Memorandum of Points and Authorities and all pleadings and papers of record in this matter as well as those in the underlying and related Eighth Judicial District Court Case No. A-25-927483-C.

//

//

//

//

//

//

//

# MEMORANDUM OF POINTS AND AUTHORITIES

I. **ARGUMENT**

    A. **This Action Was Properly Removed And Granbury's Motion To Dismiss Was Timely Filed Despite The Pending Motion To Remand.**

Plaintiff's dispute over the proper filing of Granbury's removal pursuant to federal question jurisdiction is inappropriately argued here as Plaintiff's motion to remand remains pending before this court. Notwithstanding, Granbury's motion to dismiss [ECF No. 5] is not premature as it was filed on October 20, 2025, within 7 days after Granbury filed its notice of removal on October 13, 2025 [ECF No. 1] in accordance with FRCP 81(c)(2)(C). The later filing of Plaintiff's motion to remand [ECF No. 8] does not make Granbury's motion to dismiss premature. If Plaintiff is seeking a stay of some sort pending resolution of his motion for remand, then his opposition to Granbury's motion to dismiss is ineffective in requesting that stay.

    B. **Plaintiff's Complaint Remains Insufficient Despite The Vast Set Of New Allegations Raised In His Opposition To Granbury's Motion To Dismiss.**

Plaintiff's opposition attempts to add allegations that do not exist on the face of the compliant. [Attached as **Exhibit A** to ECF No. 1 "Complaint".] Plaintiff's vast new set of allegations are presented in his opposition under sections "IV. Background" and "V. Statement". [ECF No. 10 at p. 2-3.] Plaintiff's extensive effort to supplement the allegations of his Complaint is clear indication (if not admission) that his Complaint is insufficiently pled. Plaintiff cannot simply avoid his obligation to comply with the rules (i.e., FED. R. CIV. P. 8 and 10) because he is proceeding in *forma pauperis*. Pro se plaintiffs are obligated to follow the same rules as represented parties. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). These numerous additional allegations must be directly pled in the Complaint and mere reference to Plaintiff's nearly 80+ pages of exhibits is insufficient. *See Alsdorf v. Alvarez*, 2011 U.S. Dist. LEXIS 135630, *6-7 (D. Nev. Nov. 21, 2011)(dismissing claims that were insufficiently pled and that relied upon "attaching a stack of grievances and other documents as exhibits to state his

claims"); *Harris v. Garber*, 2024 U.S. Dist. LEXIS 113046, *5 (D. Nev. June 27, 2024)("The Court is not required to hunt through the more than 600 pages of exhibits attached to Plaintiff's Complaint to determine if somewhere in that morass is evidence of such a violation"). Even if the Court liberally construes the new allegations and accepts all of them, Plaintiff's claims should still be dismissed.

### C. Plaintiff's Claim For Breach of Settlement Agreement Should Be Dismissed.

Granbury did not argue in its motion to dismiss – as now alleged by Plaintiff – that there was no agreement. Rather, Granbury's motion was predicated upon the fact that Plaintiff failed to plead the necessary elements of an enforceable agreement (i.e., offer and acceptance, meeting of the minds, and consideration).[1] Plaintiff's Complaint only alleges that he was to be reimbursed in the amount of $7,500. Plaintiff's opposition, not his Complaint, alleges that there were discussions of settlement terms involving the exchange of a draft of a written agreement. But Plaintiff fails to allege all requisite elements of this claim.

### D. Plaintiff's Claims For Retaliation Under NRS 116.31183, Misuse Of HOA Legal Funds, And Selective Enforcement Should Be Dismissed.

Plaintiff's Complaint does not plead that he has exhausted all of his administrative remedies pursuant to NRS 38.310. And Plaintiff's opposition does not save the bare allegations of the Complaint. Plaintiff suggests he has a retaliation claim pursuant to NRS 116.31183, but his opposition only alleges that he "filed a complaint through NRED ADR, participated fully, and obtained an outcome where the HOA agreed to reimburse his attorney fees". [ECF No. 10 at p. 6.] If these new allegations in Plaintiff's opposition are wholly incorporated into the Complaint (since these allegations are not pled in the Complaint), then Plaintiff entered an agreement that ostensibly contains a release of claims which result would be that this action is precluded.

---

[1] Plaintiff attaches to his opposition records of settlement negotiations that are inadmissible pursuant Fed. R. Evid. 408.

Plaintiff's opposition alleges that there was great financial misconduct, which like his Complaint allegations, remains a dispute of Granbury's application or enforcement of its covenants, conditions or restrictions and/or by laws, rules or regulations. However, Plaintiff does not provide any allegations that his claims for misuse and selective enforcement were administratively exhausted in accordance with NRS 38.310.

**E.      Plaintiff's Claim For Emotional Distress Should Be Dismissed For Failure To State a Claim.**

Plaintiff's opposition fails to show how extreme and outrageous conduct is actually pled into his bare Complaint. Plaintiff's mere reference to numerous exhibits is insufficient pleading as explained supra, as the allegations must be actually pled. Even if the opposition satisfies the pleading requirements for alleging extreme and outrageous conduct, there are still no allegations of intent or reckless disregard or causation.

**F.      Plaintiff's Claim For Breach Of Fiduciary Duty / Attorney Misconduct Should Be Dismissed.**

Plaintiff's Complaint does not cite the Nevada law that imposes the unidentified fiduciary duty. The Complaint allegations are so vague and limited, that Plaintiff's opposition has to make great conclusory assumptions of exhibits S and T. Exhibit S references a dispute between an HOA board member and someone who is not the Plaintiff ("Ms. Kengel Rankin") and that Plaintiff settled an NRED ADR claim that is not identified in the allegations of the instant Complaint. Exhibit T is a letter from Ms. Kengel Rankin's counsel that describes her dispute with Granbury and further indicates that Plaintiff was a party to an NRED ADR claim that did not result in a settlement. These exhibits simply add confusion to the vague Complaint allegations and do not clearly identify which fiduciary duty was breached. If anything, Plaintiff's reliance on these exhibits only suggest that Plaintiff has indeed failed to properly plead his cause of action for breach of settlement agreement.

//

//

      **G.**    **Plaintiff's Claim For Declaratory Relief Is Not A Proper Cause Of Action And Should Be Dismissed.**

Plaintiff's opposition does not save this non-existent claim and instead suggests that he is indeed attempting to describe a remedy he is seeking. Therefore, Plaintiff's claim for declaratory should be dismissed.

      **II.**    **CONCLUSION**

For the reasons stated within, Granbury request that the Court dismiss Plaintiff's claims for (1) Breach of Settlement Agreement, (2) Retaliation under NRS 116.31183, (3) Violation of 42 USC § 3617 (Fair Housing Act), (4) Misuse of HOA Legal Funds & Selective Enforcement, (5) Emotional Distress, (6) Breach of Fiduciary Duty / Attorney Misconduct, and (7) Declaratory Relief.

Dated the 3rd day of November, 2025

**O'HAGAN MEYER PLLC**

By    */s/ Inku Nam*
INKU NAM, ESQ.
Nevada Bar No. 12050
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101

*Attorneys for Defendant*
*Granbury at Valley Vista*
*Homeowners Association*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b) and NEFCR 9, I certify that I am an employee of O'HAGAN MEYER PLLC, and that on this 3rd day of November, 2025, I electronically filed and served the foregoing **DEFENDANT'S MOTION TO DISMISS** with the Clerk of the Court through Case Management/Electronic Filing System as follows. I further certify that a copy of the foregoing was sent by U.S. Mail to:

Ossiris Lynch
9260 S. Rainbow Blvd, Ste 100
Las Vegas, NV 89139
Ossirislynch1@gmail.com

*Plaintiff Pro Se*

By:         */s/ Krystal Williams*
            An Employee of
            O'HAGAN MEYER PLLC