UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

OSSIRIS LYNCH, Pro Se,
Plaintiff,

v.                                           Case No. 2:25-cv-01959-APG-BNW

GRANBURY AT VALLEY VISTA
HOMEOWNERS ASSOCIATION,
Defendant.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

Introduction
This case belongs in Nevada state court. The Complaint arises from misconduct within a Nevada common-interest community and pleads causes of action under Nevada law, including retaliation, selective enforcement, misuse of HOA funds, and breach of fiduciary duty pursuant to NRS Chapter 116. Defendant removed solely on the ground of federal-question jurisdiction, pointing to a citation to 42 U.S.C. § 3617 within one cause of action and boilerplate language in the Prayer for Relief. Plaintiff does not seek any independent federal remedy. The reference to § 3617 was illustrative of protections that parallel NRS 116.31183 and NRS 116.31184, not a separate federal claim. Under the well-pleaded complaint rule, no federal question appears that supports removal, and remand is required.

Argument

  1. Well-pleaded complaint rule: no federal cause of action.
Federal jurisdiction exists only where a federal claim appears on the face of the complaint or the right to relief necessarily depends on resolution of a substantial federal question. Caterpillar Inc. v. Williams, 482 U.S. 386, 392–93 (1987); Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27–28 (1983). Plaintiff's claims are grounded in Nevada statutes and common law governing HOA conduct. The reference to § 3617 was descriptive of retaliatory conduct that Nevada law likewise prohibits; it was not pled to invoke federal enforcement or a federal cause of action. See Rains v. Criterion Sys., Inc., 80 F.3d 339, 344–47 (9th Cir. 1996).
  2. Nevada's mirror protections confirm state-law basis.
Section 3617 addresses interference, coercion, or retaliation against persons exercising protected housing rights. Nevada's HOA provisions—NRS 116.31183 and 116.31184—prohibit substantially the same conduct toward homeowners who

exercise their rights under state law. The Complaint's mention of § 3617 served to highlight this parallel, not to convert the case into a federal civil-rights action. Plaintiff proceeds under Nevada law alone.

   3. Prayer for Relief language does not create federal jurisdiction.
Defendant relies on a generalized reference to "statutory damages and emotional distress damages under federal and state law" in the Prayer for Relief. That boilerplate language does not transform the action into a federal case. The body of the Complaint and its exhibits make clear that the operative claims seek relief under NRS 116 and Nevada common law. Incidental references to federal law or overlapping policy are insufficient to create jurisdiction. See Easton v. Crossland Mortg. Corp., 114 F.3d 979, 981–82 (9th Cir. 1997).

   4. Jurisdictional and factual context show exclusive state focus.
The Complaint's jurisdictional statement relies on NRS 13.040 and identifies Clark County, Nevada, as the proper venue. It does not invoke 28 U.S.C. § 1331, § 1332, or any other federal jurisdictional statute. The dispute involves a Nevada homeowner, a Nevada nonprofit HOA, Nevada property, and alleged misconduct occurring entirely in Clark County. Exhibits consist of local board records, communications, invoices, police interactions, and related materials—all governed by Nevada law. Read as a whole, the pleading reflects Plaintiff's intent to proceed in Nevada state court. Under Rains and Easton, jurisdiction must be determined from the complaint as properly construed; Defendant's attempt to manufacture a federal question from a single citation fails.

   5. Rains and Easton foreclose Defendant's position.
In *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996), the Ninth Circuit held that a plaintiff's reference to federal law or policy within a state-law claim does not convert the action into a federal case when state law independently provides the cause of action. Likewise, in *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 981–82 (9th Cir. 1997), the court held that a complaint does not present a federal question—and is not removable—where the plaintiff merely references federal law but expressly declines to seek federal remedies and pursues relief solely under state law.

Here, Plaintiff's Complaint explicitly seeks relief under NRS Chapter 116 and Nevada common law and does not invoke federal jurisdiction or remedies. The isolated reference to 42 U.S.C. § 3617 mirrors Nevada's retaliation provisions but does not establish a federal cause of action. As in *Easton*, Defendant's attempt to create federal jurisdiction from a passing citation fails as a matter of law.

   6. No substantial federal issue under Grable or Gunn.
This case does not "necessarily raise" any actually disputed and substantial federal issue whose resolution in federal court is consistent with the federal-state balance. Grable & Sons Metal Prods., Inc. v. Darue Eng'g, 545 U.S. 308, 314 (2005); Gunn v. Minton, 568 U.S. 251, 258 (2013). The Court can fully resolve all claims by applying Nevada statutes and duties imposed on HOA boards.

   7. Supplemental jurisdiction cannot create original jurisdiction.
Without a valid federal claim, 28 U.S.C. § 1367 does not apply. ARCO Envtl.

Remediation, L.L.C. v. Dep't of Health & Env't Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Even if the Court were to construe any aspect of the Complaint as raising a federal issue, it should decline supplemental jurisdiction under § 1367(c)(2)–(3) because Nevada HOA law and fiduciary obligations plainly predominate.

8. Clarification of intent is not amendment; leave would be proper.

This Reply clarifies Plaintiff's original intent and legal theory; it does not alter the underlying facts. To the extent the Court interprets the Complaint as pleading an independent § 3617 cause of action, Plaintiff respectfully requests leave to amend under Fed. R. Civ. P. 15(a)(2) to remove that reference and confirm that only Nevada-law claims are asserted. Leave should be freely given, and upon such amendment no federal claim would remain, warranting remand. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351–57 (1988).

9. Fees and costs are warranted.

Removal based solely on a stray citation and boilerplate language was not objectively reasonable. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), instructs that fees under 28 U.S.C. § 1447(c) are appropriate where removal lacked an objectively reasonable basis. Here, Defendant relied only on a passing reference to 42 U.S.C. § 3617 and a generalized prayer for relief, despite the Complaint's clear reliance on Nevada statutes.

Moreover, Plaintiff's clarification that no federal relief is sought does not constitute "manipulative pleading." The Ninth Circuit in *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490–91 (9th Cir. 1995), held that plaintiffs are entitled to plead both federal and state causes of action in state court and later dismiss federal references if they prefer state adjudication. The court explained that such conduct "is not manipulative; it is a legitimate tactical decision." Plaintiff's clarification here falls squarely within *Baddie*: the reference to § 3617 was merely illustrative, and clarifying that intent after removal is procedurally proper.

Because Defendant's removal lacked an objectively reasonable basis and forced unnecessary litigation over jurisdiction, Plaintiff respectfully requests an award of just costs and actual expenses, including any attorney's fees incurred, pursuant to 28 U.S.C. § 1447(c).

10. Defendant's removal tactics underscore the need for remand.

Defendant's removal appears designed to delay resolution and deflect scrutiny from its own conduct, including the failure to resolve the dispute internally despite direction from its own Board and the existence of a settlement communication after the Complaint was filed. Rather than address these Nevada-law issues, Defendant seeks to recast the case as a federal matter based on language that did not seek federal enforcement. This strategic use of removal wastes judicial resources and undermines the interests of the Nevada homeowners Defendant is obligated to serve. Remand is necessary to return this HOA dispute to the proper forum and deter misuse of the federal removal process.

Conclusion

Because the Complaint, properly construed, asserts only Nevada-law claims and seeks no independent federal relief, this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1331. Plaintiff respectfully requests that the Court grant the Motion to Remand, award fees and costs under 28 U.S.C. § 1447(c), and remand this case to the Eighth Judicial District Court, Clark County, Nevada. In the alternative, Plaintiff requests leave to amend to remove any reference that could be construed as asserting a federal claim and to remand the remaining state-law claims.

Dated: November 12, 2025

/s/ Ossiris Lynch
Ossiris Lynch, Pro Se
9260 S. Rainbow Blvd, Ste 100
Las Vegas, NV 89139
E: ossirislynch1@gmail.com
T: (702) 972-7099

Certificate of Service

I certify that on November 12, 2025, I filed the foregoing Plaintiff's Reply in Support of Motion to Remand with the Clerk of Court using the CM/ECF system (if authorized for pro se filing) and caused a true and correct copy to be served by U.S. Mail and email on:

Inku Nam, Esq.
O'HAGAN MEYER PLLC
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101
INam@ohaganmeyer.com

/s/ Ossiris Lynch
Ossiris Lynch